# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| NICK NATOUR and ENCLARE, LLC, § <br> § <br> § Civil Action No. 4:21-CV-00331 <br> v. § Judge Mazzant <br> § <br> BANK OF AMERICA, N.A., *et al.* § <br> § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Emergency Motion of Defendants Data Payment Systems, Inc. and One Payment Services to Set Aside Entry of Default (Dkt. #21) and the Emergency Motion of Defendants Paide and Scott Bickell to Set Aside Entry of Default (Dkt. #31). Having considered the Motions, the Court finds they should be **GRANTED**.

## BACKGROUND

On March 25, 2021, Nick Natour and Enclare, LLC sued Bank of America NA, Ali Hicham Hamdan, Scott Bickell, Luis A. Requejo, Paide, Data Payment Systems, Inc., One Payment Services, and Elavon, Inc. for various financial crimes in the 296th Judicial District Court of Collin County, Texas (Dkt. #3).

All Defendants obtained counsel and made appearances in the case. On April 26, 2021, Defendants removed the case to this Court under diversity jurisdiction (Dkt. #1). Only Elavon, Inc. and Ali Hicham Hamdan have answered or otherwise responded to the complaint (Dkt. #5; Dkt. #7).

On May 27, 2021, Plaintiffs asked the Court for a 30-day extension to amend its removed complaint (Dkt. #12). Plaintiffs' counsel represented to the Court that all parties participated in the Rule 26 conference and that "Plaintiffs' request to extend time is for good cause and is not

intended to delay these proceedings." (Dkt. #12 at p. 2). The Court accepted these representations as true and extended the deadline to amend the complaint to June 27, 2021 (Dkt. #15).

One week later, on June 4, 2021, Plaintiffs requested the Clerk enter default against Scott Bickell, Paide, Data Payment Systems, Inc., and One Payment Services (Dkt. #18). Plaintiffs' counsel represented to the Clerk that these defendants "failed to file or serve an answer or other responsive pleading" and "no extension has been granted." (Dkt. #18). Plaintiffs' counsel did not identify any dates, such as when the complaint was filed or when the response was due (Dkt. #18).

On June 7, 2021, Data Payment Systems, Inc., One Payment Services, and Luis A. Requejo filed an Emergency Motion to Set Aside Default (Dkt. #21). The Court ordered expedited briefing (Dkt. #24). On June 10, 2021, Plaintiffs responded (Dkt. #28). On June 14, 2021, Scott Bickell and Paide filed their own Emergency Motion to Set Aside Default (Dkt. #31).

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

A court may set aside an entry of default "for good cause shown." FED. R. CIV. P. 55(c), 60(b). "[T]he requirement of 'good cause' . . . ha[s] generally been interpreted liberally." *Amberg v. FDIC*, 934 F.2d 681, 685 (5th Cir. 1991). Courts look at the following factors to determine whether there is good cause to set aside a default: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales*, 346 F.3d 552, 563 (5th Cir. 2003) (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). These factors are not exclusive but are regarded simply as a means to identify good cause. *Id.* However, willful failure alone may, in some circumstances, constitute sufficient cause for courts to deny a motion to set aside. *Dierschke*, 975 F.2d at 184–85.

A party has a duty of diligence to inquire about the status of their case. *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985); *see also Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1201 (5th Cir. 1993) ("[I]mplicit in this rule is the notion that parties have a duty to inquire periodically into the status of their litigation."). A defendant's lack of familiarity with litigation is insufficient to show that a default is not willful. *In re Chinese Manufactured Drywall*, 742 F.3d 576, 594 (5th Cir. 2014) (citing *Dierschke*, 975 F.2d at 184). The Fifth Circuit has consistently held that when a defendant has actual notice of proceedings but fails to respond due to lack of familiarity with the judicial process or a failure of delivery services, the entry of default is appropriate. *See id.*, at 594; *Rogers*, 167 F.3d at 939; *Pryor*, 769 F.2d at 287; *Latham*, 987 F.2d at 1202–03; *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975).

## ANALYSIS

The defaulting Defendants ask the Court to set aside the entry of default because they have been actively defending themselves in this suit. Plaintiffs argue that Defendants are technically in default because they have not answered or responded to the Original Complaint.

Default judgment is inappropriate because Defendants have been active in this case. The Clerk enters default when defendants have "failed to plead or otherwise defend" themselves. FED. R. CIV. P. 55(a). Although Defendants did not answer or respond by the required time, they have "otherwise defend[ed]". *See id.* Defendants all have counsel who appeared on the record. Defendants' counsel exchanged at least 24 emails with Plaintiffs' counsel and had at least 7 phone conferences (Dkt. #21 at p. 2). Defendants even removed the case from state court to federal court, a proactive move requiring the consent of all Defendants (Dkt. #1). This is not a case where Defendants ignored the lawsuit and never appeared. Defendants collaborated with each other, coordinated with Plaintiffs, engaged in preliminary settlement negotiations, produced initial disclosures, and filed briefing with the Court.

Although the Federal Rules provide that entry of default is warranted when a defendant "has failed to plead or otherwise defend," Plaintiffs' motion for entry of default does not address whether Defendants have "otherwise defend[ed]" themselves (Dkt. #19). FED. R. CIV. P. 55(a). Defendants' actions, like engaging in attorney conferences and joining the removal, demonstrate that they have "otherwise defend[ed]" themselves in this case. *See id.* Plaintiffs' motion for entry of default was inappropriate.

## CONCLUSION

Plaintiffs are not entitled to an entry of default. It is therefore **ORDERED** that the Emergency Motion of Defendants Data Payment Systems, Inc. and One Payment Services to Set

Aside Entry of Default (Dkt. #21) and the Emergency Motion of Defendants Paide and Scott Bickell to Set Aside Entry of Default (Dkt. #31) are hereby **GRANTED**.

It is hereby **ORDERED** that the entry of default shall be set aside.

**SIGNED this 7th day of July, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE