# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| NICK NATOUR and ENCLARE, LLC, § | |
| § | |
| § | Civil Action No. 4:21-CV-00331 |
| v. § | Judge Mazzant |
| § | |
| BANK OF AMERICA, N.A., *et al.* § | |
| § | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Request for Entry of Default Judgment by the Court (Dkt. #84). Having considered the motion, the Court finds it should be **DENIED**.

### BACKGROUND

Plaintiff Nick Natour ("Natour") owns Mignon, a restaurant with the legal name Enclare, LLC ("Enclare") (Dkt. #3 ¶¶2–3, Dkt #3 Exhibit D). Because customers often use debit or credit cards to pay for their meals, restaurants require a Point of Sale System that can transmit information about the transaction to the customer's banking institution (Dkt. #3 ¶¶23–27).

In March of 2020, Defendant Ali Hachman Hamdan ("Hamdan") placed a catering order with Mignon that cost $170,528.35 (Dkt. #3 ¶31). Hamdan used his Bank of America debit card, across two transactions, to pay for the order (Dkt. #3 ¶¶31–32). Both transactions were initially declined due to fraud concerns (Dkt. # 3 ¶33). Natour spoke to Bank of America, obtained a valid authorization code for the transactions, and proceeded with the sale (Dkt. #3 ¶37). Eight days later, One Payment Services ("One Payment"), Plaintiffs' card processor, issued an account statement that reflected an "Adjustment" of the same amount of the transactions under the heading "Electronic Deposit Rejects," without notice to Plaintiffs (Dkt. #3 ¶40). Plaintiffs have still not received payment for the order (Dkt. #3 ¶42).

On March 25, 2021, Natour and Enclare sued Bank of America N.A. ("Bank of America"), Hamdan, Scott Bickell ("Bickell"), Luis A. Requejo ("Requejo"), Paide, Data Payment Services, Inc. ("Data Payment"), One Payment, and Elavon, Inc. ("Elavon") for various financial crimes in the 296th Judicial District Court of Collin County, Texas (Dkt. #3). On April 26, 2021, Defendants removed the case to this Court under diversity jurisdiction (Dkt. #1).

On August 20, 2021, Plaintiffs filed a Request for Entry of Default Judgment in its favor against Bank of America (Dkt. #84). On September 13, 2021, Bank of America responded (Dkt. #90).

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. FED. R. CIV. P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *New York Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. Third, a plaintiff may then apply to the clerk or the court for a default judgment. FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Although entries of default judgment are generally disfavored in the law, entry of a default judgment is not an abuse of discretion when a defendant fails to answer a complaint. *Lacey v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Bonanza Int'l, Inc. v.*

*Corceller*, 480 F.2d 613, 614 (5th Cir. 1973), *cert. denied*, 414 U.S. 1073 (1973). Prevailing law within the Fifth Circuit sets forth factors for courts to weigh when determining whether to enter default judgment:

> Relevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

After the Clerk enters a default, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). A court may hold a hearing if necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or to investigate any other manner. FED. R. CIV. P. 55(b)(2). A hearing is not necessary if damages can be determined on the papers. *See* FED. R. CIV. P. 55(b)(2).

## ANALYSIS

Plaintiffs assert default judgment is appropriate because Bank of America did not timely answer or otherwise defend suit, and their claim is for a sum certain (Dkt. #84 ¶¶7–10). Bank of America counters that it has appeared and defended itself in this case, thus entry of default against it is not warranted (Dkt. #90 ¶1). The Court finds entry of default is not appropriate here because Bank of America has been active in this case, thus default has not occurred.

The first step in the Fifth Circuit framework requires a default, which "occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure." *N.Y. Lids Ins.*, 84 F.3d at 141. The Fifth Circuit has set forth a low threshold for what constitutes an "appearance" for purposes of Rule 55. *Rogers*

v. *Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (citing *United States v. McCoy*, 954 F.2d 1000 (5th Cir. 1992)). The defendant "must merely give the plaintiff a clear indication that the defendant intends to pursue a defense[.]" *Id*. Appearances under Rule 55 "'include a variety of informal acts on defendant's part which are responsive to plaintiff's formal action in court, and which may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the claim.'" *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting 6 MOORE'S FEDERAL PRACTICE 55.05(3) (2d ed.)).

On April 26, 2021, Defendants filed the Notice of Removal to federal court (Dkt. #1), a proactive move requiring the consent of all Defendants. Bank of America contributed to the 26(f) report, attended the Rule 26(f) conference, coordinated with Plaintiffs, and served its Initial Disclosures on June 11, 2021 (Dkt. #2 ¶3). *See Sunburst Media Mgmt., Inc. v. Devine*, No. CIVA 308-CV-1170-G, 2009 WL 1810166, at *2 (N.D. Tex. June 24, 2009) ("Phone calls and letters between the plaintiff's and defendant's counsel generally constitute an appearance."); *contra Guillory v. Beaumont Indep. School Dist.*, No. 9:07-CV-163, 2011 WL 1898939 at *2, 4 (E.D. Tex. May 12, 2011) (finding defendant failed to defend against plaintiff's claims where defendant did not file an answer; did not participate in the Rule 26(f) conference; did not attend the Rule 16 conference; did not make any disclosures; nor respond to any motions (including the application for default)). Bank of America moved to dismiss on July 16, 2021 pursuant to Rule 12(b)(6) (Dkt. #67). Filing a motion to dismiss normally constitutes an appearance. *Sun Bank*, 874 F.2d at 277 (citing *Mason v. Utley*, 259 F.2d 484, 485 (9th. Cir. 1958)).

Plaintiffs mistakenly assert Bank of America has failed to timely answer or file a responsive document in this case, and therefore entry of default is appropriate (Dkt. #84 ¶13).

4

Plaintiffs contend that, under Federal Rule of Civil Procedure 81, the deadline for timely filing an answer or other responsive pleading in this case was May 3, 2021 (Dkt. #84 ¶13). However, Plaintiffs' argument ignores Bank of America's timely efforts to "otherwise defend the suit."

Furthermore, the Fifth Circuit generally disfavors default judgments. *Id*. at 276 ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."); *Lacey*, 227 F.3d at 292 ("any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.").

Thus, the Court finds entry of default against Bank of America would be inappropriate.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Entry of Default Judgment is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 28th day of September, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE