# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| NICK NATOUR and ENCLARE, LLC, § | |
| § | |
| § | Civil Action No. 4:21-CV-00331 |
| v. § | Judge Mazzant |
| § | |
| BANK OF AMERICA, N.A., *et al.* § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Luis A. Requejo's Motion to Dismiss for Insufficient Service of Process, Lack of Personal Jurisdiction and Failure to State a Claim (Dkt. #64). Having considered the Motions, the Court finds it should be **GRANTED**.

## BACKGROUND

Plaintiff Nick Natour ("Natour") owns Mignon, a restaurant with the legal name Enclare, LLC ("Enclare") (Dkt. #3 ¶¶2–3, Dkt #3 Exhibit D). Because customers often use debit or credit cards to pay for their meals, restaurants require a Point-of-Sale System that can transmit information about the transaction to the customer's banking institution (Dkt. #3 ¶¶23–27).

In March of 2020, Defendant Ali Hachman Hamdan ("Hamdan") placed a catering order with Mignon that cost $170,528.35 (Dkt. #3 ¶31). Hamdan used his Bank of America debit card, across two transactions, to pay for the order (Dkt. #3 ¶¶31–32). Both transactions were initially declined due to fraud concerns (Dkt. # 3 ¶33). Natour spoke to Bank of America, obtained a valid authorization code for the transactions, and proceeded with the sale (Dkt. #3 ¶37). Eight days later, One Payment Services ("One Payment"), Plaintiffs' card processor, issued an account statement that reflected an "Adjustment" of the same amount of the transactions under the heading

"Electronic Deposit Rejects," without notice to Plaintiffs (Dkt. #3 ¶40). Plaintiffs have still not received payment for the order (Dkt. #3 ¶42).

On March 25, 2021, Natour and Enclare sued Bank of America N.A. ("Bank of America"), Hamdan, Scott Bickell ("Bickell"), Luis A. Requejo ("Requejo"), Paide, Data Payment Services, Inc. ("Data Payment"), One Payment, and Elavon, Inc. ("Elavon") for various financial crimes in the 296th Judicial District Court of Collin County, Texas (Dkt. #3). On April 26, 2021, Defendants removed the case to this Court under diversity jurisdiction (Dkt. #1).

On July 13, 2021, Requejo moved to dismiss for insufficient service of process, lack of personal jurisdiction, and failure to state a claim (Dkt. #64). Plaintiffs have not responded.

## LEGAL STANDARD

### *Federal Rule of Procedure 12(b)(2) Standard*

Federal Rule of Civil Procedure 12(b)(2) mandates a court to dismiss a claim if the court lacks personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a prima facie case supporting jurisdiction." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). When considering the motion to dismiss, the court must accept as true the plaintiff's uncontroverted allegations and resolve factual conflicts in favor of the plaintiff. *Id.*

A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the exercise of personal jurisdiction comports with the due process clause of the Fourteenth Amendment. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016). Because the Texas long-arm statute extends as far as constitutional due process

permits, a court only needs to determine whether a suit in Texas is consistent with the due process clause of the Fourteenth Amendment. *Id.* The due process clause requires that a court exercise personal jurisdiction over a nonresident defendant only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

*Federal Rule of Civil Procedure 12(b)(5) Standard*

Rules 12(b)(5) provides a defense for insufficiency of service of process. Fed. R. Civ. P. 12(b)(5). In addition to constituting grounds for dismissal, insufficient service of process also implicate a court's authority to exercise personal jurisdiction over a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 1327, 143 L.Ed.2d 448 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). Therefore, if a defendant here was not properly served with process, this Court cannot exercise jurisdiction over a defendant or this matter.

A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). Rule 4 of the Federal Rules of Civil Procedure sets forth the guidelines to determine what constitutes valid service of process. Fed. R. Civ. P. 4. Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant within ninety days of filing, but provides that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed.

R. C<small>IV</small>. P. 4(m); *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (per curiam). "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Gartin*, 289 F. App'x at 692 (citing *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1999)).

*Federal Rule of Civil Procedure 12(b)(6) Standard*

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." F<small>ED</small>. R. C<small>IV</small>. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the

complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Requejo asserts three bases for why the claims against him should be dismissed: (1) insufficient service of process; (2) lack of personal jurisdiction; and (3) failure to state a claim (Dkt. #64). The Court begins its analysis with jurisdiction, as it is a threshold matter. *See Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214 (5th Cir. 2012).

Requejo asserts personal jurisdiction is lacking because he is a domiciliary of Florida and he has no suit-related contacts with the forum (Dkt. #64 ¶2). Plaintiffs have not responded.[1]

---

[1] A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion. E.D. Tex. Civ. R. 7(d).

### A. General Jurisdiction

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). For an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear*, 654 U.S. at 924 (citations omitted).

Requejo lives and works in Florida (Dkt. #64, Exhibit 1 ¶3). Requejo has lived in Florida for thirty-nine years (Dkt. #64, Exhibit 1 ¶3). Requejo votes, pays state taxes, has his driver's licenses, and maintains his family home in Florida (Dkt. #64, Exhibit 1 ¶3). Plaintiffs admit Requejo may be served with process, in his individual capacity, at an address in Florida (Dkt. #3 ¶10). It is undisputed that Requejo is domiciled in Florida. Requejo is not "essentially at home" in Texas. Thus, the Court may not exercise general personal jurisdiction over Requejo.

### B. Specific Jurisdiction

"Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state." *Helicopteros*, 466 U.S. at 414 n. 8. For the Court to exercise specific jurisdiction, the Court must determine:

> (1) whether the defendant has minimum contacts with the forum state, i.e. whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). Defendants who "'reach out beyond one

state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other state for consequences of their actions." *Burger King Corp.*, 471 U.S. at 475 (citing *Travelers Health Assoc. v. Virginia*, 339 U.S. 643, 647 (1950)). Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "'random,' 'fortuitous,' or 'attenuated,' contacts or of the unilateral activity of another party or a third person." *Id.*

Additionally, the minimum contacts test for personal jurisdiction in fraud differs from that in contract. "A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). "The proper focus of the 'minimum contacts' inquiry in intentional-tort cases is the relationship among the defendant, the forum, and the litigation." *Id.* at 291 (citing *Calder v. Jones*, 465 U.S. 783, 788 (1984)).

Records with the Florida Secretary of State indicate that Requejo created One Payment and Data Payment (Dkt. #3 ¶19). Other than his status as creator of two of the defendant-companies in this case, Plaintiffs do not plead any facts showing Requejo was involved in the alleged fraud in any way (*See* Dkt. #3). *But see Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485 (5th Cir. 2018) (holding president had the requisite minimum contacts with the forum state with respect to the fraud claim where the president was a willing participant in a conference call and actively engaged in conversation regarding his business). Plaintiffs do not allege that Requejo has ever provided payment-card services of any kind to Plaintiffs, or that Requejo has any kind of contractual or business relationship with Plaintiffs. Plaintiffs do not allege whether Requejo took part in, communicated with Plaintiffs about, or made any representations to Plaintiffs concerning the transactions at issue in this case. Plaintiffs have not pleaded that Requejo received any funds

7

from the transactions at issue, or that the receipt of any funds was for the purpose of defrauding Plaintiffs.

It appears Requejo did not have any part in the processing, adjusting, conduct, representations, or transactions that relate to or facilitated the adjustments reflected in the processing statement (Dkt. #3). Plaintiffs Complaint is devoid of any facts that would satisfy the minimum contacts requirement.

Because Plaintiffs have not satisfied their burden of making a *prima facie* showing of general or specific jurisdiction over Requejo, the Court cannot constitutionally exercise personal jurisdiction over Requejo.

## CONCLUSION

It is therefore **ORDERED** that Defendant Luis A. Requejo's Motion to Dismiss for Insufficient Service of Process, Lack of Personal Jurisdiction and Failure to State a Claim is hereby **GRANTED**. Accordingly, Defendant Luis A. Requejo is dismissed from the case without prejudice.

**IT IS SO ORDERED.**

**SIGNED this 1st day of October, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE