# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

NICK NATOUR and ENCLARE, LLC,   §
　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§　　Civil Action No. 4:21-CV-00331
v.　　　　　　　　　　　　　　　 §　　Judge Mazzant
　　　　　　　　　　　　　　　　§
BANK OF AMERICA, N.A., *et al.*　 §
　　　　　　　　　　　　　　　　§

## <u>MEMORANDUM OPINION AND ORDER</u>

　　　　Pending before the Court are Defendants Bickell and Paide's Motion to Dismiss (Dkt. #49), Defendant One Payment PR's Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Process, and Failure to State a Claim (Dkt. #51), Defendant Data Payment Systems' Motion to Dismiss for Failure to State a Claim (Dkt. #52), and Defendant Bank of America, N.A.'s Motion to Dismiss (Dkt. #67).  Having considered the Motions, the Court finds the motions should be **GRANTED in part and DENIED in part.**

## BACKGROUND

　　　　Plaintiff Nick Natour ("Natour") owns Mignon, a restaurant with the legal name Enclare, LLC ("Enclare") (Dkt. #3 ¶¶ 2–3, Dkt #3 Exhibit D).  Because customers often use debit or credit cards to pay for their meals, restaurants require a Point-of-Sale System that can transmit information about the transaction to the customer's banking institution (Dkt. #3 ¶¶ 23–27).

　　　　In March of 2020, Defendant Ali Hachman Hamdan ("Hamdan") placed a catering order with Mignon that cost $170,528.35 (Dkt. #3 ¶ 31).  Hamdan used his Bank of America debit card, across two transactions (the "Subject Transactions"), to pay for the order (Dkt. #3 ¶¶ 31–32).  Bank of America initially declined to process the Subject Transactions due to fraud concerns (Dkt. # 3 ¶ 33).  Natour spoke to Bank of America, obtained a valid authorization code for the Subject

Transactions, and proceeded with the sale (Dkt. #3 ¶ 37).  Eight days later, Defendant One Payment Services ("One Payment"), Plaintiffs' card processor, issued an account statement that reflected an "Adjustment" of the same amount of the transactions under the heading "Electronic Deposit Rejects," without notice to Plaintiffs (Dkt. #3 ¶ 40).  Plaintiffs have still not received payment for the order (Dkt. #3 ¶ 42).

On March 25, 2021, Natour and Enclare sued Bank of America N.A. ("Bank of America"), Hamdan, Scott Bickell ("Bickell"), Luis A. Requejo ("Requejo"), Paide, Data Payment Services, Inc. ("Data Payment"), One Payment, and Elavon, Inc. ("Elavon") for various financial crimes in the 296th Judicial District Court of Collin County, Texas (Dkt. #3).  On April 26, 2021, Defendants removed the case to this Court under diversity jurisdiction (Dkt. #1).

On June 28, 2021, the ("Paide Defendants") moved to dismiss for failure to state a claim and failure to plead with particularity the fraud-based claims (Dkt. #49).  On July 26, 2021, Plaintiffs responded (Dkt. #71).  On August 2, 2021, Paide Defendants replied (Dkt. #76).

On July 1, 2021, One Payment moved to dismiss for lack of personal jurisdiction, insufficient process, and failure to state a claim (Dkt. #51).  Data Payment also filed its Motion to Dismiss for Failure to State a Claim on July 1, 2020 (Dkt. #52).  Plaintiffs responded to both motions on July 26, 2021 (Dkt. #70).  On July 29, 2020 Data Payment filed its reply (Dkt. #73) and One Payment filed its reply (Dkt. #74).

On July 16, 2021, Bank of America filed a Motion to Dismiss for failure to state a claim (Dkt. #67).  On August 20, 2021, Plaintiffs filed a Motion to Strike and Response to Bank of America's Motion to Dismiss (Dkt. #85).  However, the filing was deficient.  The Clerk of Court

notified the parties of the deficiency.  Plaintiffs never attempted to re-file.  Yet, Bank of America

replied on September 13, 2021 (Dkt. #91).[1]

## LEGAL STANDARD

A party may seek dismissal in a pretrial motion based on any of the defenses set out in Rule

12(b) of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 12(b); *see also Albany Ins. Co. v.*

*Almacenadora Somex*, 5 F.3d 907, 909 (5th Cir. 1993).  A defendant must raise an objection to

lack of personal jurisdiction, propriety of the venue, sufficiency of process, or service in its answer

or pre-answer motion. FED. R. CIV. P. 12(h)(1).

### A.       Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short

and plain statement . . . showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Each

claim must include enough factual allegations "to raise a right to relief above the speculative level."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the

complaint fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When

considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded

facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff.

*Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).  The Court may consider "the

complaint, any documents attached to the complaint, and any documents attached to the motion to

dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.),*

*L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  The Court must then determine

whether the complaint states a claim for relief that is plausible on its face.  "A claim has facial

---

[1] Although the Court does not condone the parties' pleading practices, the Court will nonetheless consider the Response and Reply as if they were filed properly.

plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.  First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.*  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

### *Federal Rule of Civil Procedure 9(b)*

Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). The goals of Rule 9(b) are to "provide[] defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims." *U.S. ex rel. Grubbs v. Kannegant*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs*, 565 F.3d at 186.

Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

**B.      Federal Rule of Procedure 12(b)(2)**

Federal Rule of Civil Procedure 12(b)(2) mandates a court to dismiss a claim if the court lacks personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). After a non-resident defendant files a motion to dismiss for lack of personal jurisdiction, the party seeking to invoke the court's jurisdiction must "present sufficient facts as to make out only a prima facie case supporting jurisdiction." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

When considering the motion to dismiss, the court must accept as true the plaintiff's uncontroverted allegations and resolve factual conflicts in favor of the plaintiff.  *Id.*

A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the exercise of personal jurisdiction comports with the due process clause of the Fourteenth Amendment. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016).  Because the Texas long-arm statute extends as far as constitutional due process permits, a court only needs to determine whether a suit in Texas is consistent with the due process clause of the Fourteenth Amendment. *Id.*  The due process clause requires that a court exercise personal jurisdiction over a nonresident defendant only if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction.  *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

### C.      Federal Rule of Civil Procedure 12(b)(4)

Rules 12(b)(4) provides a defense for insufficiency of process.  Fed. R. Civ. P. 12(b)(4).  In addition to constituting grounds for dismissal, insufficient process also implicates a court's authority to exercise personal jurisdiction over a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").  Therefore, if a defendant here was not properly served with process, this Court cannot exercise jurisdiction over a defendant or this matter.

Federal Rule of Civil Procedure 12(b)(4) permits a defendant to move for dismissal based on insufficient process. FED. R. CIV. P. 12(b)(4).  Contrary to Rule 12(b)(5), "[a] challenge under Rule 12(b)(4) attacks the *form* of the process rather than how process was served." *Sims v. Landrieu Concrete & Cement Indus. LLC*, No. 18-9932, 2020 WL 2617867, at *1 (E.D. La. May 24, 2020) (citing *McCoy v. Hous. Auth. of New Orleans*, No. 15-398, 2015 WL 9204434, at *5 n.75 (E.D. La. Dec. 17, 2015)).  "On or after filing the complaint the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." FED. R. CIV. P. 4(b).  The plaintiff bears the burden of proof regarding sufficiency of the process. *Lechner v. Citimortgage, Inc.*, 4:09-CV-302-Y, 2009 U.S. Dist. LEXIS 65836, 2009 WL 2356142, at *1 (N.D. Tex. July 29, 2009).

A defendant must raise an objection to the sufficiency of process or service in its answer or pre-answer motion. FED. R. CIV. P. 12(h)(1).  If objections to service are not raised in the answer or pre-answer motion, they are waived. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1021 (5th Cir. 1995).  Importantly, however, as long as the objection is made in a timely fashion, a defendant's appearance in the suit does not waive the objection to service. *See, e.g., McCarter v. Harris County*, No. H-04-4159, 2006 WL 1281087, at *3 (S.D. Tex. 2006) (rejecting the argument that defendant waived grounds for dismissal because it had filed an answer in the suit).

Federal Rule of Civil Procedure 4(c) places the burden on Plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1); *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).  In making this determination, the Court can look outside of the complaint to determine what steps, if

any, a plaintiff took to effect service. *Morris v. Liberty Mut. Ins. Co.*, No. 08-4247, 2009 WL 1941203, at *1 (E.D. La. July 7, 2009).

Rule 4 of the Federal Rules of Civil Procedure sets forth the guidelines to determine what constitutes valid service of process. FED. R. CIV. P. 4.  In addition to service under the federal rules, Rule 4(h)(1) allows service of process to be effectuated in accordance with Rule 4(e)(1), which states that service of process may be made "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).  Thus, the Court here should look to both Texas and Federal law to see if service was proper, as Plaintiff could have effected service under either.

The Texas and Federal Rules of Civil Procedure both require a properly-executed summons (or the equivalent) to be served upon the defendant in order for process to be sufficient. FED. R. CIV. P. 4(c)(1); Tex. R. Civ. P. 106(a)(2).  The Texas and Federal Rules of Civil Procedure also both require service to be made upon designated individuals who are authorized to accept service of process on behalf of the corporation.  FED. R. CIV. P. 4(h)(1); TEX. BUS. ORGS. CODE § 5.255.  Under the federal rules, service of process upon a corporation must be made upon "an officer, a managing or general agent, or . . . any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1).  Similarly, Texas allows service of process on a corporation's registered agent, president, or vice president. TEX. BUS. ORGS. CODE §§ 5.201, 5.255(1).

## ANALYSIS

Each defendant has moved to dismiss some or all of Plaintiffs' claims pursuant to Rule 12(b)(6).  One Payment has also alleged lack of personal jurisdiction and insufficient process.

## I.     Timeliness

Before the Court may turn to the substance of the motions, it must first address Plaintiffs'
argument that the motions at issue here are untimely because the deadline to answer has passed
(Dkts. #71 at p.3; #70 at p. 3 n.1, #85 at p. 3).

On May 28, 2021, Plaintiffs received a 30-day extension to amend their removed complaint
(Dkt. #15).  On June 18, 2021, Paide Defendants (Dkt. #32) and Payment Defendants (Dkt. #38)
moved for leave to answer or otherwise respond to Plaintiffs' Complaint.  Paide Defendants
brought their motion to dismiss on June 28, 2021 (Dkt. #49).  Then, on July 1, 2021, both Paide
Defendants and Payment Defendants filed their respective answers (Dkts. #50, 53).  The Court
granted the motion for leave to answer on July 13, 2021 and deemed Paide Defendants' and
Payment Defendants' answers filed (Dkt. #65).

Rule 12 states "[a] motion asserting any of these defenses must be made before pleading if
a responsive pleading is allowed."  FED. R. CIV. P. 12(b).  Therefore, because Paide Defendants
filed their motion to dismiss before filing their answer, Paide Defendants' motion is timely.

Payment Defendants' filed their motions to dismiss the same day they filed their answer,
July 1, 2021 (Dkts. #51–53).  It is unclear whether a motion to dismiss filed the same day as an
answer is "made before pleading" under Rule 12.  *See Bardelon v. Wells Fargo Fin. La., LLC*, No.
18-2563, 2018 WL 3587690 at *9 n.50 (E.D. La. July 25, 2018) (holding motion to dismiss filed
the same day as movant's answer was timely filed in accordance with Rule 12(b)); *contra Alilin v.
St. Farm Mut. Auto. Ins. Co.*, No. 6:14-CV-1183-ORL, 2014 WL 7734262, at *3 (M.D. Fla. Jan.
30, 2014) (finding motion to dismiss was untimely where it was filed the same day as, and
docketed after, the answer).

Nevertheless, "courts often consider a post-answer motion to dismiss as properly before the court as long as the movant also raised the defense . . . in his or her answer." *Isbell v. DM Records, Inc.*, 2011 WL 1299611, at *2 n. 2 (E.D. Tex. Mar. 31, 2011) (citing *Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 575–76 (N.D. Tex. 2005) (Buchmeyer, J.) (listing cases)). Here, Payment Defendants raised the Court's lack of personal jurisdiction over One Payment and raised the defense of failure to state a claim (Dkt. #53 at p. 23). Thus, the motions are considered timely filed. *Roberts v. Baptist Healthcare Sys., LLC*, 2020 WL 7042965 (E.D. Tex. Nov. 30, 2020). Furthermore, "to consider the motion untimely would exalt form over substance and not comport with judicial economy." *Harris v. City of Balch Springs*, No. 3:11-CV-2307-L, 2012 WL 4512490, at *6 (N.D. Tex. Sep. 30, 2012). Thus, the Court will consider Payment Defendants' motions.

The Court now turns to whether it has jurisdiction over One Payment, as jurisdiction is a threshold matter. *See Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214 (5th Cir. 2012).

## II.     One Payment's Motion to Dismiss for Lack of Personal Jurisdiction

One Payment asserts the Court lacks personal jurisdiction because its principal place of business was in Florida and it was incorporated in Florida; and because One Payment has no suit-related contacts with Texas (Dkt. #51at pp. 10). Plaintiffs have not responded to One Payment's arguments on jurisdiction.[2]

### A.     General Jurisdiction

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Daimler*

---

[2] A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion. E.D. TEX. CIV. R. 7(d).

*AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)).  For a corporation, the place of incorporation and principal place of business are the key bases for general jurisdiction.  *Id*. at 139.  One Payment is a now dissolved corporation (Dkt. #3 ¶4).  However, before dissolution, One Payment's principal place of business was located in Florida (Dkt. #3 ¶4).  Further, One Payment was incorporated under the laws of the state of Florida (Dkt. #3 ¶19).  Therefore, One Payment is not, nor has it ever been, "essentially at home" in Texas.  The Court may not exercise general jurisdiction over One Payment.

### B.     Specific Jurisdiction

"Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state."  *Helicopteros*, 466 U.S. at 414 n. 8. For the Court to exercise specific jurisdiction, the Court must determine:

> (1) whether the defendant has minimum contacts with the forum state, i.e. whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).  Defendants who "'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other state for consequences of their actions."  *Burger King Corp.*, 471 U.S. at 475 (citing *Travelers Health Assoc. v. Va.*, 339 U.S. 643, 647 (1950)).  Establishing a defendant's minimum contacts with the forum state requires contacts that

are more than "'random,' 'fortuitous,' or 'attenuated,' contacts or of the unilateral activity of another party or a third person." *Id.*

Additionally, the minimum contacts test for personal jurisdiction in fraud differs from that in contract. "A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). "The proper focus of the 'minimum contacts' inquiry in intentional-tort cases is the relationship among the defendant, the forum, and the litigation." *Id.* at 291 (citing *Calder v. Jones*, 465 U.S. 783, 788 (1984)).

The Complaint contains no allegations that establish One Payment's minimum contacts with the forum. One Payment forfeited its corporate status in 2018 (Dkt. #3 ¶20). Payment stopped doing business in 2014. (Dkt. # 3 Exhibit A). One Payment submitted the Declaration of One Payment's former President, Luis A. Requejo (Dkt. #51 Exhibit 1-A). The uncontroverted evidence is that One Payment has not provided payment-card services of any kind to Plaintiffs, nor had any business or contractual relationship with Plaintiffs (Dkt. #51 Exhibit 1-A ¶5). One Payment never made any representations to Plaintiffs concerning One Payment processing payment card transactions, or the Subject Transactions (Dkt. #51 Exhibit 1-A ¶7). One Payment had no part in the processing, adjusting, conduct, representations, or transactions that relate to the adjustment (Dkt. #51 Exhibit 1-A ¶8). One Payment has not received any proceeds, in any form, from the Subject Transactions or the adjustment reflected in the Statement (Dkt. #51 Exhibit 1-A ¶9). Nothing in the evidence reflects any intentional conduct by One Payment, or any conduct at all, that creates the necessary contacts with the forum.

Because Plaintiffs have not satisfied their burden of making a *prima facie* showing of general or specific jurisdiction over One Payment, the Court cannot constitutionally exercise

personal jurisdiction over One Payment.  Therefore, the Court finds One Payment should be dismissed without prejudice.

### III.    Defendants' Motions to Dismiss for Failure to State a Claim

#### A.  Fraud Claims

To succeed on a fraud claim in Texas, a plaintiff must show that "(1) the defendant misrepresented a material fact; (2) the defendant knew the material representation was false or made it recklessly without any knowledge of its truth; (3) the defendant made the false material representation with the intent that it should be acted upon by the plaintiff; and (4) the plaintiff justifiably relied on the representation and thereby suffered injury." *United Tchr. Assocs. Ins. Co. v. Union Lab. Life Ins. Co.*, 414 F.3d 558, 566 (5th Cir. 2005) (citing *Ernst & Young, LLP v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).  Common law fraud claims are subject to Rule 9's pleading requirements.  *Flaherty & Crumrine Preferred Income Fund Inc. v. TXU Corp.*, 565 F.3d 200, 213 (5th Cir. 2009) (citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008).  To satisfy Rule 9, a plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann*, 302 F.3d at 564–65.

#### 1.  Paide Defendants

Paide Defendants allege that Plaintiffs failed to plead common law fraud and fraud by nondisclosure with particularity (Dkt. #49 at p. 5).  Plaintiffs allege it has met the pleading requirements for its fraud claims (Dkt. #71 ¶¶ 19–71).

Bickell is Paide's Vice President (Dkt. #3 ¶88).  Elavon and Paide both provide payment processing services.  Elavon and Paide allegedly had some business relationship (Dkt. #3).  Bickell approached Natour, on behalf of Paide, in Natour's place of business to sell Elavon software (Dkt. #3 ¶15).  Plaintiffs have alleged fraud by nondisclosure and common law fraud claims stemming

from the circumstances surrounding the execution of the contract for Elavon's software (Dkt. #3 ¶¶114–121, 137–142).

### a.   Common Law Fraud

For their common law fraud claim, Plaintiffs pleaded that Paide Defendants represented to Natour that Plaintiffs "would be paid the money owed to them, by customers, if they used the Elavon and Paid[e] systems."   (Dkt. #3 ¶137).   Plaintiffs further pleaded that: (1) such a representation was material because Plaintiffs relied on it; (2) such a representation was false as Plaintiffs have still not received money from Hamdan's catering order; (3) Defendants made the representation recklessly, with knowledge of its falsity, and with the intent that Plaintiffs rely on it; and (4) the representation proximately caused a loss to Plaintiffs (Dkt. # 3 ¶¶138–42).   Plaintiffs make no further factual allegations in support of their common law fraud claim.

Viewing these allegations as true, the Court finds that such pleadings fail to satisfy Rule 9(b).   The allegations fail to specify where or when the representation that the system would effectively process payments was made.   *Burbank v. Compass Bank*, No. 1:15-cv-60, 2015 WL 3618691 at *4 (E.D. Tex. March 29, 2016) ("The general allegation that [the representations] were communicated at the time of the Note are too generally stated to meet the necessary 'who, what, when and where.'").   The Complaint merely states "Defendants" made the representation, which is insufficient to identify the speaker.   *Slocum v. United States Bank Nat'l Ass'n*, No. 4:16-cv-955, 2017 WL 2629147 at *3 (E.D. Tex. May 23, 2017).   Furthermore, Plaintiffs failed to adequately plead that the challenged representation was material.   Plaintiffs pleaded they relied on the basic assertion that a card processing software would ensure Plaintiffs received money from customer transactions.   *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 869 (5th Cir. 2003) ("The generalized, positive statements about the company's competitive strengths, experienced management, and

future prospects are not actionable because they are immaterial."). These allegations do not satisfy Rule 9's pleading requirements.

### b. Fraud by Nondisclosure

In support of their fraud by nondisclosure claim, Plaintiffs allege the Paide Defendants "concealed and failed to disclose material facts related to the contract provided to the Plaintiffs, with Elavon, Inc." (Dkt. #3 ¶115). Plaintiffs further allege Paide Defendants had a duty to disclose that Elavon was a party to the contract, because Bickell provided marketing materials that led Plaintiffs to believe the party in control of their contract was Paide, but Defendants purposefully remained silent on Elavon's involvement (Dkt. #3 ¶¶116, 119). Plaintiffs assert such information is material because they would not have entered the contract if it had been clear Elavon was managing their money (Dkt. #3 ¶117).

Fraud by nondisclosure is a subcategory of a fraud action in Texas which is created by a duty to disclose between the parties. *See* Michol O'Connor, O'CONNOR'S TEXAS CAUSES OF ACTION, at 302 (2015). When there is a duty to disclose information and a party does not disclose it, the nondisclosure may be as misleading as a positive misrepresentation of fact. *Id.* (citing *Schlumberger Tech. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997)). Fraud by nondisclosure requires proof of the same elements as a fraud claim, except that the "first requirement of this test can be met if the defendant concealed or failed to disclose a material fact when a duty to disclose existed." *United*, 414 F.3d at 566. However, "[a] failure to disclose does not constitute fraud unless there is a duty to disclose the information." *Four Bros. Boat Works, Inc. v. Tesoro Petroleum Cos., Inc.*, 217 S.W.3d 653, 670 (Tex.App.—Houston [14th Dist.] 2006, pet. denied). Rule 9(b) applies to common law fraud and fraud by nondisclosure claims. *N. Texas Opportunity Fund L.P. v. Hammerman & Gainer Int'l, Inc.*, 107 F. Supp. 3d 620, 632 (N.D. Tex.

2015) (applying Rule 9(b) to a fraud by nondisclosure claim); see also *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) ("For claims of fraud by nondisclosure, plaintiffs must plead 'the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representation misleading.'").

As with Plaintiffs' common law fraud claim, the Court concludes that these general allegations do not state the "who, what, when, and where" about Paide Defendants' duty to disclose and failure to disclose information about the Elavon software contract with the necessary specificity under Rule 9(b).  Despite these inadequacies, the Court finds that repleading, not dismissal, is the more appropriate remedy.[3]

### 2.  Data Payment[4]

Date Payment asserts Plaintiffs failed to plead their fraud claims with particularity (Dkt. 52 at p. 4).  Plaintiffs disagree, alleging they have plead the "who, what, when, where, and how" of the claimed fraud. (Dkt. #70 ¶¶8–14).

In their Complaint, Plaintiffs pleaded "Defendants represented to Plaintiffs, through agents and performance, that they would process Plaintiff's transactions, according to the contract Plaintiffs signed, and provide the money as agreed," but that such representation was false since Plaintiffs have still not been paid $170,518.35 (Dkt. #3 ¶¶ 144–46). Plaintiffs further pleaded that Defendants made the representation "with the intent to defraud," with knowledge of its falsity "or recklessly . . . without knowledge of its truth," and with the intent that Plaintiffs would "rely on the false misrepresentation" (Dkt. #3 ¶¶ 147–49).  Plaintiffs allege such false representation

---

[3] All Defendants seek dismissal with prejudice because Plaintiffs have already had the opportunity to replead (Dkts. #49 at p. 2; #51 at p. 2, #52 at p.1, #67 at p. 18).  However, after removal, the Court merely advised the parties that repleading was not necessary under Federal Rule 81(c)(2) and ordered the parties to "replead as necessary to comply with the Federal Rules of Civil Procedure and the Court's Local Rules" (Dkt. #8).  Thus, the Court finds no reason to deny Plaintiffs the opportunity to replead to plausibly state their claims.

[4] Because the Court has already determined it lacks personal jurisdiction over One Payment, and therefore dismisses One Payment without prejudice, the Court only considers Data Payment's motion (Dkt. #52).

proximately caused a loss of reputation, loss of $170,518.35, loss of merchandise and other profits (Dkt. #3 ¶ 150).

Plaintiffs fail to meet the basic pleading requirements regarding the context of the alleged fraud: (1) who assured Plaintiffs the Hamdan payment would be processed, (2) when such a representation was made, or (3) where the representation was made. *Herrmann*, 302 F.3d at 564–65. Additionally, Plaintiffs failed to adequately plead fraudulent intent. Nothing in the Complaint evidences whether anyone from Data Payment made a "conscious misrepresentation" regarding the payment processing services. *Flaherty*, 565 F.3d at 214). Therefore, the Court finds the fraud claims asserted against Data Payment should be dismissed. However, the Court will afford Plaintiffs the opportunity to amend their complaint to correct the deficiencies.

### B. Conspiracy

Defendants allege that because the fraud claim fails under 12(b)(6), Plaintiffs' conspiracy claim also fails (Dkts. #52 at p. 8; #67 at p. 16, #76 at p. 9). Plaintiffs counter that conspiracy is a theory of vicarious liability and therefore is not subject to 12(b)(6) dismissal (Dkts. #70 ¶¶26–27, #71 ¶¶48–49).

Under Texas law, a plaintiff's "conspiracy claim is derivative of its fraud claim." *Highland Crusader Offshore Partners LP v. LifeCare Holdings Inc.*, 377 Fed. Appx. 422, 428 (5th Cir. 2010) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). "If a plaintiff fails to state a separate underlying claim on which the court may grant relief, then a claim for civil conspiracy necessarily fails." *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007). Because the Court determined Plaintiffs failed to properly plead their fraud claim, it is also appropriate to dismiss Plaintiffs' conspiracy claim. *Patel v. Pac. Life Ins. Co.*, CIV.3:08-CV-0249-B, 2009 WL 1456526, at *14 (N.D. Tex. May 22, 2009) (granting 12(b)(6) motion dismissing conspiracy claim due to

dismissal of all underlying torts).  But again, the Court finds that repleading, not dismissal, is the more appropriate remedy.

### C.  Other Claims

After reviewing the current Complaint, and the arguments contained in the briefing, the Court finds that Plaintiffs have stated plausible claims for conversion, civil theft under the Texas Theft Liability Act, and violations of the Electronic Funds Transfer Act.

## CONCLUSION

It is therefore **ORDERED** that Defendant One Payment PR's Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Process, and Failure to State a Claim (Dkt. #51) is **GRANTED.**  Accordingly, Defendant One Payment PR is dismissed from the case without prejudice.

It is further **ORDERED** that Defendants Bickell and Paide's Motion to Dismiss (Dkt. #49) is hereby **DENIED**.  Plaintiffs Nick Natour and Enclare, LLC are hereby permitted to amend their complaint as to their common law fraud, fraud by nondisclosure, and conspiracy claims.

It is further **ORDERED** that Defendant Data Payment Systems' Motion to Dismiss for Failure to State a Claim (Dkt. #52) is **DENIED**.  Plaintiffs Nick Natour and Enclare, LLC are hereby permitted to amend their complaint as to their common law fraud and conspiracy claims.

It is further **ORDERED** that Defendant Bank of America, N.A.'s Motion to Dismiss (Dkt. #67) is **DENIED**.  Plaintiffs Nick Natour and Enclare, LLC are hereby permitted to amend their complaint as to their common law fraud and conspiracy claims.

Plaintiffs Nick Natour and Enclare, LLC have fourteen (14) days from entry of this Order to file their Amended Complaint.

**IT IS SO ORDERED.**

18

**SIGNED this 10th day of November, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE