# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| NICK NATOUR and ENCLARE, LLC, § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> BANK OF AMERICA, N.A., *et al*, § <br> *Defendants.* § | Civil Action No. 4:21-CV-00331 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Data Payment Systems, Inc.'s Motion to Dismiss for Failure to State a Claim (Dkt. #110).  Having considered the motion and relevant pleadings, the Court finds it should be **DENIED**.

### BACKGROUND

On March 25, 2021, Natour and Enclare sued Bank of America N.A. ("Bank of America"), Ali Hamdan ("Hamdan"), Scott Bickell ("Bickell"), Luis A. Requejo ("Requejo"), Paide, Data Payment Services, Inc. ("Data Payment"), One Payment Services ("One Payment"), and Elavon, Inc. ("Elavon") for various financial crimes in the 296th Judicial District Court of Collin County, Texas (Dkt. #3).  A more detailed account of the events which lead to the filing of this suit are set forth in the Court's prior order on the corporate defendants' motions to dismiss (the "Order") (Dkt. 100).

In the Order, the Court permitted plaintiffs replead their fraud and conspiracy claims against Data Payment, rather than dismiss for failure to state a claim under Rule 12(b)(6) (Dkt. 100).  Plaintiffs filed their first amended complaint on December 1, 2021 (the "Amended Complaint") (Dkt. #103).

On December 15, 2021, Data Payment brought another motion to dismiss pursuant to

Federal Rules of Procedure 12(b)(1) and 12(b)(6) (Dkt. #110).  Plaintiffs have not responded.[1]

## LEGAL STANDARD

*Federal Rule of Civil Procedure 12(b)(1)*

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case.  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts."  *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).  The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff.  *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994).  Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction.  *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief.  *Lane*, 529 F.3d at 557.

*Federal Rule of Civil Procedure 12(b)(6)*

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Each

---

[1] A party's failure to file a response "creates a presumption that the party does not controvert facts set out by movant" E.D. Tex. Civ. R. 7(d).  Accordingly, the Court presumes Plaintiffs accepts as true Data Payment's factual allegations.

claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims

or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

***Federal Rule of Civil Procedure 9(b)***

Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). The goals of Rule 9(b) are to "provide[] defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs*, 565 F.3d at 186.

A party's failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## ANALYSIS

Data Payment attempts to enforce an allegedly mandatory forum selection clause.  Data Payment argues Plaintiffs' rights against all defendants arise by virtue of a Merchant Processing Agreement ("MPA") (Dkt. #103, Exhibit 4).  The MPA states that "[Mignon] acknowledges having received and read a copy of the Program Guide (which includes terms and conditions for each of the services[)] . . . and agrees to be bound by all provisions as printed therein" (Dkt. No. 103, Exhibit 4 ¶ 11].  The Program Guide expresses the following forum selection clause:

> Venue. We have Substantial facilities in the State of New York and many of the services provided under this Agreement are provided from these facilities. The exclusive venue for any actions or claims arising under or related to this Agreement shall be in the appropriate state or federal court located in Suffolk County, New York

(Dkt. #110, Exhibit 1 ¶ 44.1).

Data Payment contends: (1) the Program Guide sets forth a mandatory forum selection clause, (2) Data Payment is an intended third-party beneficiary of the Program Guide; and (3) the MPA incorporates by reference the Program Guide.  It is through this logic that Data Payment alleges it is entitled to enforce the forum selection clause.  Finally, Data Payment posits that because the Program Guide's forum selection clause "dictat[es] that Suffolk County, New York, is the only proper court, Plaintiffs' Complaint must be dismissed as it fails to state a claim and this Court lacks subject matter jurisdiction" (Dkt. #110 at p. 9).

Data Payment's position would leave the Court with several determinations to make—whether the MPA effectively incorporates the Program Guide; whether the forum selection clause is mandatory, and applicable to this case; whether Data Payment is able to enforce the forums election clause—had Data Payment filed a motion to transfer. In *Weber v. PACT XPP Technologies*, the Fifth Circuit articulated the proper mechanism for enforcing forum selection clauses. 811 F.3d 758, 766 (5th Cir. 2016) (discussing *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568 (2013)). The Fifth Circuit clearly stated, "the proper mechanism for enforcing [a forum selection] clause is a motion for transfer of venue under 28 U.S.C. § 1404." *Id.* However, Data Payment attempts to enforce the forum selection clause through Rules 12(b)(1) and/or 12(b)(6) (Dkt. #110). Thus, the Court will not entertain Data Payment's arguments regarding the forum selection clause until it has utilized the proper vehicle for enforcement.

Data Payment also seeks the dismissal of several claims under Rule 12(b)(6): conversion, theft under the Texas Theft Liability Act ("TTLA"), fraud, civil conspiracy, and tortious interference (Dkt. #110). However, the Court already ruled Plaintiffs met Rule 12(b)(6)'s plausibility standard on their conversion and TTLA claims (Dkt. #100 at p. 18). Moreover, after reviewing the Amended Complaint, the Court finds that Plaintiffs have plausibly alleged sufficient facts to state claims for fraud, civil conspiracy, and tortious interference (Dkt. #100). Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying Plaintiffs the opportunity to develop facts to support their Complaint.

Finally, Data Payment argues Plaintiffs' Amended Complaint is a "shotgun complaint" because Plaintiffs incorporate essentially the entire complaint within each asserted claim[2], and

---

[2] Each claim in the Amended Complaint incorporates "Paragraphs 1 through 230" of the complaint (Dkt. #103). However, the Amended Complaint concludes in Paragraph 234. Thus, Plaintiffs attempt to incorporate into each asserted claim all but the paragraphs setting forth the demand for jury trial, alleged damages, request for attorneys' fees and costs, and the final prayer.

therefore it violates Rule 8 (Dkt. #110 at p. 12).  The "shotgun approach to pleadings, where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick, is to be discouraged." *S. Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788 (5th Cir. 1986) (citations omitted).  That said, this Court has previously declined to find that an amended complaint fell below the standard of Rule 8 due to incorporating allegations by reference. *Rowland v. Sw. Corr., LLC*, No. 4:20-CV-00847, 2021 WL 4206409, at *4 n.8 (E.D. Tex. Aug. 17, 2021).  Here, while the Amended Complaint certainly tows the "shotgun" line, the Court can discern a clear narrative, recognize the asserted the causes of action, and identify who the claims are asserted against.  Thus, the Court finds the Amended Complaint is sufficient and non-violative of Rule 8.

## CONCLUSION

It is therefore **ORDERED** Defendant Data Payment Systems, Inc.'s Motion to Dismiss for Failure to State a Claim (Dkt. #110) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 16th day of March, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE