UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

**NICK NATOUR, AND ENCLARE, LLC**
  **Plaintiffs,**
V.                                                        Civil Action No. 4:21cv331
                                                                    Judge Mazzant
**BANK OF AMERICA, NA,**
**ALI HICHAM HAMDAN,**
**SCOTT BICKELL,**
**PAIDE, a California Corporation,**
**DATA PAYMENT SYSTEMS, INC.,**
**ONE PAYMENT SERVICES, AND**
**FISERV INC,**
  **Defendants.**

_____

### PLAINTIFFS REQUEST FOR ENTRY OF DEFAULT JUDGMENT FOR FISERV, INC.

Nick Natour and Enclare, LLC requests the Court enter a default against defendant, Fiserv, Inc, as authorized by Federal Rule of Civil Procedure 55(b)(2). The Plaintiff asks the court to enter judgment by default in its favor against the Defendant Fiserv, Inc., in this action for the sum of $170,518.35, damages in the amount of $10,000, and attorney's fees in the amount of $35,482 plus costs and postjudgment interest until paid, and the costs of this action, on the ground that default should have been entered by the Clerk but was not entered against the Defendant for failure to answer or otherwise defend as to the Complaint of the Plaintiff within the time prescribed by the Federal Rules of Civil Procedure 81(c). See Doc. 150, 150-1, and 151, incorporated in haec verba.

INTRODUCTION

1. Plaintiffs are Nick Natour, and Enclare, LLC, Defendant is Fiserv, Inc.

2. On 25 March 2021, Plaintiffs filed their Original Petition in State Court, 296th Judicial District Court Collin County Case No. 296-01505-2021, See Doc. 2 and plaintiff sued defendant BANK OF AMERICA, NA, for violations of the Electronic Funds Transfer Act (15 U.S.C.A. § 1693m),

Conversion, Theft of Property, and Civil Conspiracy. The case was removed to federal court on 26 Apr 2021, by Bank of America NA.

3. On 5 November 2021, Plaintiffs filed a motion to add a party, Fiserv, Inc., to case number 4:21-cv-00331. See Doc. 96

4. On 22 December 2021, Fiserv, Inc. filed an Unopposed Application for Extension of Time to Answer Complaint, extending their answer date to 19 January 2022. See Doc. 112

5. On 5 January 2021, the Court ordered that Fiserv, Inc. was added as a defendant in case number 4:21-cv-00331. See Doc. 118

6. On 19 January 2022, Defendant Fiserv, Inc., filed a document described as a motion to dismiss under Rule 12(b)(6) and Transfer of Venue, with exhibits attached, and requesting a transfer of venue. See Doc. 130

7. Defendant did not file a proper Rule 12(b)(6), motion under Federal Rule of Civil Procedure 12, because Defendant's motion included a separate argument other than a Rule 12 claim, and attached exhibits, which is not allowed in a Rule 12 motion to dismiss. Furthermore, the Court in the above captioned case ruled that a party cannot attach a forum selection clause within a 12(b)(6) motion to dismiss because it is not the "proper vehicle for enforcement." See Doc. 148 Therefore, Defendant, Fiserv, Inc., did not file a proper Federal Rule of Civil Procedure 12(b)(6) motion, and thus, has not answered Plaintiff's Petition.

8. Plaintiffs now ask the Court to enter a default judgment against Fiserv, Inc. See Rule 55(b)(2).

ARGUMENT

9. A court may render a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit. See Fed. R. Civ. P. 55(a), (b)(2); United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163–64 (1st Cir. 2004).

**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT**

10. The Court should enter a default judgment against Defendant, Fiserv, Inc. because:
    a. defendant did not file an answer or otherwise defend the suit within:
        i. 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief;
        ii. 21 days after being served with the summons for an initial pleading on file at the time of service; or
        iii. 7 days after the notice of removal was filed.

See Fed.R.Civ.P. 81(c). and Fed.R.Civ.P. 55(a) and 55(b)(1).

11. Plaintiff meets the procedural requirements for obtaining a default judgment from the clerk as demonstrated by James C. Mosser's declaration. See Doc. 149, incorporated in haec verba.

12. Defendant is not a minor, an incompetent person, a member of the military, the U.S. government, or a federal officer or agency. See 50 U.S.C. § 3931(b)(1); Fed. R. Civ. P. 55(b)(1), (d).

13. Because defendant did not file an answer or otherwise defend the suit, under Fed. R. Civ. P. 81(c), it is not entitled to notice of entry of default judgment. See Fed. R. Civ. P. 55(b)(1); Franchise Holding II, LLC, 375 F.3d at 927–28.

14. Plaintiff's claim is for a sum certain or can be made certain by computation. Fed. R. Civ. P. 55(b)(1); Franchise Holding II, LLC, 375 F.3d at 928–29.

15. The damages specified in plaintiff's complaint are proved by declaration, see Doc 80, and 81, attached and incorporated in haec verba.

16. Fiserv, Inc. did not file an answer or any other response document in State Court other than their Unopposed Application for Extension of Time to Answer Complaint, and their improper Rule 12(b)(6) motion which included a motion to transfer. See Doc. 112 and 130.

Consequently, Fiserv, Inc.'s answer and any other responsive pleading was due, at the latest, by January 19, 2022, per Court order.

17. Fiserv, Inc.'s improper Rule 12(b)(6) motion has been shown to be improper by the Court, and therefore, Fiserv, Inc. has defaulted. See Doc. 148.

18. Fiserv, Inc. has wholly defaulted. Fed. R. Civ. P. 81(c)(2).

CONCLUSION

19. The Defendant Fiserv wholly defaulted, failed to answer and did not defend. The evidence shows a loss in the amount of -$170,518.35. For these reasons, Plaintiff asks the Court to enter a default judgment in favor of plaintiff for the sum of $170,518.35, losses and $10,000. damages, and attorney's fees in the amount of $45,482 plus costs and post judgment interest.

Respectfully submitted, on 10 May 2022, by *MOSSER LAW PLLC.*

By:  /s/ James C. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
Email:  courtdocuments@mosserlaw.com
8100 Dallas Parkway
Suite 115A
Plano, TX 75024
Tel. (972) 733-3223
Lawyers for Plaintiffs
NICK NATOUR and ENCLARE, LLC

**Certificate of Service**

I certify that a true and correct copy of this document was served on all parties, on 10 May 2022, in accordance with Fed. R. Civ. P. 5, 7, and 11 through the Court's Electronic Filing System.
/s/James C. Mosser
James C. Mosser