## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| NICK NATOUR AND ENCLARE, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 4:21-cv-331-ALM |
| | § | |
| BANK OF AMERICA, N.A., ALI | § | |
| HICHAM HAMDAN, SCOTT | § | |
| BICKELL, PAIDE, a California | § | |
| Corporation, DATA PAYMENT SYSTEMS, | § | |
| INC., d/b/a ONE PAYMENT SERVICES, | § | |
| AND FISERV, INC. | § | |
| | § | |
| Defendants. | § | |

### PAIDE DEFENDANTS' MOTION IN LIMINE

Paide and Scott Bickell (collectively, the "Paide Defendants") file this its Motion in Limine and respectfully show the Court as follows:

### I.

Plaintiffs move the Court for an Order, prior to the voir dire examination of the jury panel in this cause, that Paide Defendants and their counsel, representatives, and any and all witnesses called in their behalf, be instructed not to mention or to bring before the jury, either directly, or indirectly, at the time of voir dire, the reading of pleadings, opening statement, direct or cross examination of witnesses, during the making of objections, opening closing or rebuttal arguments, or in any other means or manner, the matters set forth below unless and until such matters have first been called to the Court's attention out of the presence and/or hearing of the jury and a favorable ruling received as to the admissibility and relevance of such matters.

**II.**

The matters set forth below would not be admissible evidence for any purpose on proper and timely objection because they have no rational relationship to any provable or controlling fact issue in dispute, nor do they have a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

**III.**

Permitting interrogation of witnesses, comments, to jurors, or respective jurors, or offers of evidence concerning any of the matters set forth below would prejudice the jury and sustaining objections to such questions, statements, or evidence introduced by counsel or witnesses will not prevent prejudice but will reinforce the development of questionable evidence.

**IV.**

Further, the probative value of the matters set forth below is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury and as such, should not be admissible for any purpose in this cause, and to permit the mentioning of such matters would prejudice the jury even upon sustaining of an objection to such matters.

**V.**

The Paide Defendants would further show that the violation of any portion of these instructions would constitute harm to their defense, and deprive them of a fair and impartial trial such that a mistrial would be necessary and accordingly, the Court should instruct counsel for all parties that the failure to abide by such an Order of the Court may be considered contempt.

**VI.**

The following matters would not be admissible for any purpose in this cause:

1.     **CONTENTIONS REGARDING ABSENCE OF CONTRACT:**     Plaintiffs pleaded, admitted, and relied on the existence of the MPAA, including Natour's execution of the MPAA on behalf of Enclare, LLC and should not be permitted to argue, comment on, or reference any contention that Enclare did not execute and enter into the MPAA. *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983) (factual assertions in pleadings are judicial admissions "conclusively binding on the party who made them"); *Jonibach Mgmt. Tr. v. Wartburg Enterprises, Inc.*, 136 F. Supp. 3d 792, 821 n. 29 (S.D. Tex. 2015) (party cannot present evidence contradicting admissions made in his pleadings"); Dkt. 143, Response to MSJ, ¶ 17 ("[A]s stated in Plaintiff's [sic] first amended original pleading [sic] 'the only signatory to the signed agreement with Fiserv, Inc. is Nick Natour, as 'Owner/Proprietor'"); *see also*, First Amended Complaint, ("FAC"), Dkt. 103 FAC ¶ 44 ("plaintiffs obtained an authorization referenced in the signed agreement between the parties. . .."); FAC ¶ 55 ("The contract signed by the Plaintiffs, with Fiserv, DOES NOT PROVIDE ANY BASIS OR AUTHORITY FOR ANY ADJUSTMENT TO PLAINTIFFS' ACCOUNT."); FAC ¶ 60 (There no meanings or definitions provided for the terms Chargeback and Adjustment, in the Fiserv MERCHANT PROCESSING APPLICATION AND AGREEMENT *signed by the Plaintiffs*") (emphasis added); FAC ¶ 79 ("The only signatory *to the signed agreement with Fiserv, Inc.* is Nick Natour, as "Owner/Proprietor.") (emphasis added); ("Defendants represented to Plaintiffs, through agents and performance, that they would process Plaintiffs' transactions, *according to the contract Plaintiffs signed*, and provide that money, as agreed.") (emphasis added); ¶ 162 ("Defendants represented to Plaintiffs, through agents and performance, that they would process Plaintiffs' transactions, according to the contract Plaintiffs signed, and provide that money, as agreed.").

### 2.     ALLEGED FORGERY OF NATOUR'S SIGNATURE ON THE MPAA:

Plaintiffs pleaded, admitted, and relied on the existence of the MPAA, including Natour's execution of the MPAA on behalf of Enclare, LLC and should not be permitted to argue, comment on, or reference any contention that Natour's signature was forged.  *Davis v. A.G. Edwards & Sons, Inc.,* 823 F.2d 105, 107–08 (5th Cir.1987)  (a party is bound by admissions made in his pleadings, such that he cannot present evidence contradicting those pleadings); *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983) (factual assertions in pleadings are judicial admissions "conclusively binding on the party who made them"); *Jonibach Mgmt. Tr. v. Wartburg Enterprises, Inc.*, 136 F. Supp. 3d 792, 821 n. 29 (S.D. Tex. 2015) (party cannot present evidence contradicting admissions made in his pleadings"); *see also* FAC ¶ 44 ("plaintiffs obtained an authorization referenced in the signed agreement between the parties. . .");  FAC ¶ 55 ("The contract signed by the Plaintiffs, with Fiserv, DOES NOT PROVIDE ANY BASIS OR AUTHORITY FOR ANY ADJUSTMENT TO PLAINTIFFS' ACCOUNT."); FAC ¶ 60 (There [sic] no meanings or definitions provided for the terms Chargeback and Adjustment, in the Fiserv MERCHANT PROCESSING APPLICATION AND AGREEMENT *signed by the Plaintiffs*") (emphasis added); FAC ¶ 79 ("The only signatory *to the signed agreement with Fiserv, Inc*. is Nick Natour, as "Owner/Proprietor.") (emphasis added); ("Defendants represented to Plaintiffs, through agents and performance, that they would process Plaintiffs' transactions, *according to the contract Plaintiffs signed*, and provide that money, as agreed.") (emphasis added); FAC ¶ 43 (Plaintiffs assert they complied with the MPAA and its terms and conditions).  Further, Plaintiffs did not plead forgery as an affirmative defense, nor in any manner reference forgery in their pleadings or disclosures. They should not be permitted to argue, comment on, or reference any contention that Natour's signature on the MPAA or any of its subparts was forged.  *See Kreway v.*

*Countrywide Bank, FSB*, 647 Fed. App'x 437, 438 (5th Cir. 2016) (forgery sounds in fraud and must be pleaded with particularity).

3.      **FACTUAL BASIS FOR FRAUD BY NON-DISCLOSURE CLAIM AGAINST THE PAIDE DEFENDANTS:**  Plaintiffs pleaded the factual basis for the fraud by non-disclosure claim asserted against the Paide Defendants as "misleading marketing information." FAC ¶ 120-121.  Plaintiffs should not be permitted to argue, comment on, or reference any other alleged basis for fraud by non-disclosure by the Paide Defendants.  *Davis v. A.G. Edwards & Sons, Inc.,* 823 F.2d 105, 107–08 (5th Cir.1987)  (a party is bound by admissions made in his pleadings, such that he cannot present evidence contradicting those pleadings); *White v. ARCO/Polymers, Inc*., 720 F.2d 1391, 1396 (5th Cir. 1983) (factual assertions in pleadings are judicial admissions "conclusively binding on the party who made them"); *Jonibach Mgmt. Tr. v. Wartburg Enterprises, Inc.*, 136 F. Supp. 3d 792, 821 n. 29 (S.D. Tex. 2015) (party cannot present evidence contradicting admissions made in his pleadings").

4.      **ANY DAMAGES EXCEEDING $170,518.35.**  In their Initial Disclosures, Plaintiffs disclosed $170,518.35 as their only damages, identified as originating from the sales transaction between Enclare and Hamdan.  *See Plaintiffs' Disclosures,* attached as **Exhibit 1**. Plaintiffs are accordingly not entitled to discuss, request, or offer any evidence regarding any greater amount or damages premised on any other purported injury such as lost profits or loss of good will.  *See EEOC v. General Motors Corp.,* 2009 WL 910812 (S.D. Miss. Apr.1, 2009) (granting defendant's motion *in limine* on the issue of monetary damages where plaintiff failed to identify specific amount sought in disclosures; FED. R. CIV. P. 26(a)(1)(A)(iii); FED. R. CIV. P. 37(c)(1) (if a party fails to provide information as required by Rule 26(a) or (e), "the party is

not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

5. **EXPERT OPINIONS:** Plaintiffs disclosed no expert testimony. Thus, no expert opinions, if any, offered by Plaintiffs are admissible. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004); FED. R. CIV. P. 26(a)(2)(A).

6. **WEALTH/RESOURCES:** Any comment or reference comparing the relative wealth of Plaintiff and any Defendant. Fed. R. EVID. 401, 402, and 403.

7. **USE OF DOCUMENTS AND/OR EXHIBITS:** Any use of or comment or reference to the contents of any animation, re-enactment, recreation, dramatization, photograph, video or digital recording, document or exhibit during voir dire, opening statement, examination/cross-examination and publication to the jury testimony before such document or exhibit is admitted into evidence.

8. **HEARSAY FROM FACT WITNESS:** Any testimony or argument containing or incorporating hearsay, in the form of a statement or document, from a fact witness, including, but not limited to, hearsay from decedents, family members, friends, law enforcement officers, or investigators. FED. R. EVID. 801, 802, 803, and 805.

9. **REQUESTS TO STIPULATE:** That Plaintiffs (their witnesses and attorneys) not make requests for Defendants, Defendants' counsel, or any persons in open court (in the presence of the jury) to stipulate or agree to certain facts or the admissibility of certain evidence.

10. **REFERENCES TO WITNESSES NOT CALLED:** That either party did not call to testify any witness equally available to all parties in this case.

**11.    PROBABLE TESTIMONY OF ABSENT WITNESSES:**  That either party mention or state to the jury the probable testimony of a witness who is absent, unavailable, or not called to testify in this case.

**12.    APPELLATE REVIEW:**  Mentioning or commenting to the jury that the judge or an appellate court may have a right, duty, or ability to later change the ultimate verdict of the jury in this cause or to review the verdict in any manner.

**13.    EXCLUSION OF EVIDENCE:**  Suggesting either party desired to bring additional information or evidence to the attention of the jury but was prevented from doing so by the action of the Court or any party to this case.

**14.    COMMENTS ON OPENING STATEMENTS:** Asking a witness to comment on or evaluate opening statements by counsel.

**15.    REFERENCES TO MOTION IN LIMINE:**  That Plaintiffs (their witnesses and attorneys) make any reference to or mention of the filing of this Motion in Limine, or to any ruling by the Court in response to this Motion, since such references are inherently prejudicial in that they suggest or infer that the movant has sought to prohibit proof or that the Court has excluded proof of matters damaging to movants' case.

Respectfully submitted,


By: */s/ Charlene C. Koonce* _____
    Cortney C. Thomas
     Texas Bar No. 24075153
     cort@brownfoxlaw.com
    Charlene C. Koonce
     Texas Bar No. 11672850
     charlene@brownfoxlaw.com
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, TX  75225
    Tel. 214.327.5000
    Fax. 214.327.5001

    *Attorneys for Defendants Paide, a*
    *California corporation, and Scott Bickell*


## CERTIFICATE OF CONFERENCE

I hereby certify that Paide's counsel has complied with the meet and confer requirement in LR CV-7(h). On June 1, 2022, I conferred with counsel for all parties regarding the relief requested in this Motion.  Fiserv and Data Payment Systems are unopposed.

At 10:47 a.m. on June 1, 2022, I sent an email to Plaintiffs requesting their agreement or opposition regarding the Paide Defendants' Motion in Limine before the end of the day.  At approximately 2:20 on the same date, I also called Plaintiffs' counsel and left a detailed message, requesting a return call regarding Plaintiffs' opposition or agreement to the Paide Defendants' Motion in Limine.  As of the date and time of filing, I have received no response from Plaintiffs. Likewise, on June 1, 2022 at approximately 4 p.m., I telephoned BOA's lead counsel, Elizabeth Chandler, and left a detailed message requesting BOA's agreement or opposition to the Paide Defendants' Motion in Limine.  I also emailed Ms. Chandler and requested the same information regarding whether BOA opposed any of the relief requested in the Paide Defendants' Motion in Limine.  As of date and time of filing, I have not received any response from BOA.

    */s/ Charlene Koonce* _____
    Charlene Koonce

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.