# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| NICK NATOUR and ENCLARE, LLC, § | |
| § | |
| § | Civil Action No. 4:21-CV-00331 |
| v. § | Judge Mazzant |
| § | |
| BANK OF AMERICA, N.A., *et al.* § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Supplemental Request for Entry of Default Judgment for Fiserv, Inc. (Dkt. #154). Having considered the motion, the Court finds it should be **DENIED**.

### BACKGROUND

On November 8, 2021, Plaintiffs Nick Natour and Enclare, LLC moved to amend their Complaint and add Defendant Fiserv, Inc. ("Fiserv") as a defendant in this case (Dkt. #97). On January 5, 2022, the Court granted Plaintiffs' (Dkt. #118). After being added, Fiserv responded to Plaintiffs' request to amend the Court's Scheduling Order (Dkt. #125) and moved to dismiss the claims against it or, in the alternative, transfer the case (Dkt. #130).

On April 27, 2022, Plaintiffs nevertheless requested an entry of default against Fiserv (Dkt. #150). The Clerk denied the request the same day on the ground that Fiserv had answered or filed a responsive pleading (Dkt. #151). Not to be deterred, Plaintiffs filed another Request for Entry of Default against Fiserv on May 10, 2022 (Dkt. #153). On May 11, 2022, the Clerk issued a Notice of Deficiency because Plaintiffs failed to attach a Certificate of Conference. On May 12, 2022, Plaintiffs filed the instant Motion for Default and included a Certificate of Conference, which Fiserv alleges is false (Dkt. #154). Fiserv responded on May 13, 2022 (Dkt. #155).

**LEGAL STANDARD**

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.  FED. R. CIV. P. 55.  The Fifth Circuit requires a three-step process for securing a default judgment.  *New York Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141.  Next, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise.  FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141.  Third, a plaintiff may then apply to the clerk or the court for a default judgment.  FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

Entry of a default judgment is within the court's discretion.  *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).  Although entries of default judgment are generally disfavored in the law, entry of a default judgment is not an abuse of discretion when a defendant fails to answer a complaint.  *Lacey v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir. 1973), *cert. denied*, 414 U.S. 1073 (1973).  Prevailing law within the Fifth Circuit sets forth factors for courts to weigh when determining whether to enter default judgment:

> Relevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

After the Clerk enters a default, "the plaintiff's well-pleaded factual allegations are taken

as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). A court may hold a hearing if necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or to investigate any other manner. FED. R. CIV. P. 55(b)(2). A hearing is not necessary if damages can be determined on the papers. *See* FED. R. CIV. P. 55(b)(2).

## ANALYSIS

Plaintiffs assert default judgment is appropriate because Fiserv did not timely answer or otherwise defend suit (Dkt. #154). Fiserv counters that it has appeared and defended itself in this case, thus entry of default against it is not warranted (Dkt. #155). The Court finds entry of default is not appropriate because default has not occurred.

The first step in the Fifth Circuit framework for entering default judgment against a defendant requires a default, which "occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The Fifth Circuit has set forth a low threshold for what constitutes an "appearance" for purposes of Rule 55. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (citing *United States v. McCoy*, 954 F.2d 1000 (5th Cir. 1992)). The defendant "must merely give the plaintiff a clear indication that the defendant intends to pursue a defense[.]" *Id*. Appearances under Rule 55 "'include a variety of informal acts on defendant's part which are responsive to plaintiff's formal action in court, and which may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the claim.'" *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting 6 MOORE'S FEDERAL PRACTICE 55.05(3) (2d ed.)).

Fiserv moved to dismiss or, in the alternative, transfer the case on January 19, 2022 (Dkt. #130). Filing a motion to dismiss normally constitutes an appearance. *Sun Bank*, 874 F.2d at 277. Plaintiffs mistakenly assert Fiserv has failed to timely answer or file a responsive document in this case, and therefore entry of default is appropriate (Dkt. #154). Specifically, Plaintiffs contend that Fiserv failed to answer. However, Plaintiffs' argument ignores Bank of America's timely efforts to "otherwise defend the suit" through its motion to dismiss or transfer.

Furthermore, the Fifth Circuit generally disfavors default judgments. *Id*. at 276 ("Default judgments are a drastic remedy, not favored by the federal rules and resorted to by the courts only in extreme situations."); *Lacey*, 227 F.3d at 292 ("any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.").

Thus, the Court finds entry of default against Fiserv would be inappropriate.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Entry of Default Judgment (Dkt. #154) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 9th day of June, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE