# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| NICK NATOUR and ENCLARE, LLC, § | |
| § | |
| § | Civil Action No. 4:21-CV-00331 |
| v. § | Judge Mazzant |
| § | |
| BANK OF AMERICA, N.A., *et al.* § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Fiserv, Inc.'s Motion to Dismiss or, in the alternative, Transfer and Memorandum in Support (Dkt. #130). Having considered the motion and relevant pleadings, the Court finds the motion should be **GRANTED.**

## BACKGROUND

Plaintiff Nick Natour ("Natour") is the owner of Mignon, a Dallas restaurant. Mignon operates under the legal name Enclare LLC ("Enclare"). Enclare entered a Merchant Processing Application and Agreement ("MPAA") and its incorporated Program Guide (collectively, the "Agreement") with First Data Merchant Services LLC ("First Data"). The Agreement enabled Enclare to accept credit card payments from its restaurant customers. Natour signed the Agreement as the owner of Enclare and as Enclare's guarantor (Dkt. #130, Exhibit 2). First Data is a subsidiary of Defendant Fiserv, Inc. ("Fiserv") (Dkt. #130, Exhibit 1 at pp. 2, 5).

On March 25, 2020, Defendant Ali Hicham Hamdan ("Hamdan") ordered food and alcohol totaling $170,518.35 from Mignon (the "Order"). Hamdan attempted to charge the Order to his Bank of America debit card, but two attempted charges to his card were declined due to suspected fraud. Hamdan and Natour entered a three-way telephone call with Bank of America to obtain an authorization code for the Order. Hamdan received the authorization code and made the Order in

two separate transactions (the "Transactions"). In April 2020, the Transactions were marked in Plaintiffs' One Payment Account reflecting an adjustment of $170,518.35 under the description "ELECTRONIC DEPOSIT REJECTS" (Dkt. #103, Exhibit 2 at p. 3). Plaintiffs never received payment for the Order.

Natour and Enclare sued, among others, Fiserv, alleging violations of the Electronic Funds Transfer Act ("EFTA," 15 U.S.C. § 1693 et seq.), breach of contract, estoppel, fraud by nondisclosure, common law fraud, conversion, civil conspiracy, and theft (Dk. #103). On January 19, 2022, Fiserv moved to dismiss the claims or, in the alternative to transfer to the Eastern District of New York (Dkt. #130). Plaintiffs responded on February 16, 2022, opposing both the motion to dismiss and the alternative motion to transfer (Dkt. #138).

## LEGAL STANDARD

A party may move to dismiss a case if the plaintiff does not "state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To avoid dismissal for failure to state a claim, the complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Carlucci v. Chapa*, 884 F.3d 534, 537 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

"To withstand a motion to dismiss, a complaint must allege 'more than labels and conclusions,' as 'a formulaic recitation of the elements of a cause of action will not do.'" *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quoting *Twombly*, 550 U.S. at 555). To be viable, a complaint must contain more than "legal conclusions, conclusory statements, or 'naked assertions devoid of further factual enhancement.'" *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (brackets omitted) (quoting *Iqbal*, 556 U.S. at 678). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (cleaned up) (quoting *Twombly*, 550 U.S. at 558).

## ANALYSIS

Fiserv moves to dismiss Plaintiffs' claims because Fiserv and Natour were not parties to the Agreement, thus they do not have the capacity to sue or be sued under the Agreement (Dkt. #130).[1] In the alternative, Fiserv moves to transfer to the Eastern District of New York pursuant to the Agreement's forum selection clause (Dkt. #130). In response, Plaintiffs raise an allegation of forgery, stating that "the agreement which Defendants rely upon was fraudulently signed by someone other than Plaintiff" (Dkt. #138 ¶ 25). To be clear, Plaintiffs never pleaded this allegation in either their Original or Amended Complaints (Dkt. #103).

---

[1] Fiserv also argues Plaintiffs failed to state a claim upon which relief can be granted against First Data. However, First Data is not a party to this suit. Thus, Plaintiffs have not brought any claims against First Data which could be the subject of dismissal.

To start, the Court notes the Agreement contains a choice of law clause that states, "Our Agreement shall be governed by and construed in accordance with the laws of the State of New York (without regard to its choice of law provisions)" (Dkt. #130, Exhibit 2 at p. 38). Relying on this clause, Fiserv contends New York law governs (Dkt. #130, Exhibit 2 at p. 38). However, the Agreement is not applicable to the dispute between Fiserv and Plaintiffs, as Fiserv is not a party to the Agreement or otherwise affiliated with the facts giving rise to the dispute. That said, the result under either Texas or New York law is the same: the claims against Fiserv should be dismissed.

Fiserv was not involved in any of the actions giving rise to this lawsuit. Hamdan placed the Order. Bank of America issued the authorization code. The One Payment account reflected the adjustment. No one from Fiserv ever communicated with Natour. The only connection Fiserv has to this action is through its subsidiary, First Data, which was a party to the Agreement. But, a contract with one corporation "is generally not a contract with any other corporate affiliates." *In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185, 191 (Tex. 2007). There are exceptions to this general rule, *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006) (alter ego theory), however, Plaintiffs have alleged none here. The bottom line is that Fiserv was never a party to the Agreement and thus it cannot be liable for breach as a nonparty. *Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d 438, 450 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *see also Nuevo El Barrio Rehabilitación de Vivienda y Economía, Inc. v Moreight Realty Corp*., 87 A.D.3d 465, 467 (1st Dept. 2011) (finding there can be no breach of contract claim against a non-signatory to the contact).

Further, the other claims Plaintiffs assert are all based on the same facts giving rise to the breach of contract claim. For example, Plaintiffs allege a fraud was committed when none of the

4

Defendants disclosed "Fiserv was the party to the contract" (Dkt. #103 ¶ 165).  However, as already noted, Fiserv was not a party to the Agreement.  Similarly, in their conversion claim, Plaintiffs allege "Defendants refused to return the Plaintiffs' property" and thus "wrongfully acquired and exercised dominion and control over Plaintiffs' property by not remitting their money to their account" (Dkt. #103 ¶¶ 142–43).  These allegations relate to the adjustment, of which Fiserv could not have possibly taken part in.  Because Fiserv had no role in the operative facts giving rise to any of Plaintiffs' claims, Plaintiffs fail to state a plausible claim against Fiserv.  Plaintiffs' newfound forgery argument does nothing to persuade the Court to change its conclusion.

## CONCLUSION

It is therefore **ORDERED** Fiserv, Inc.'s Motion to Dismiss or, in the alternative, Transfer and Memorandum in Support (Dkt. #130) is hereby **GRANTED.**

It is further **ORDERED** that all claims against Defendant Fiserv, Inc. are hereby **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

 SIGNED this 12th day of July, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE