# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| NICK NATOUR and ENCLARE, LLC, § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> BANK OF AMERICA, N.A., *et al.,* § <br> *Defendants.* § | § <br> § <br> Civil Action No. 4:21-CV-00331 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Paide and Scott Bickell's Motion for Attorney's Fees (Dkt. #185). Having considered the motion and relevant pleadings, the Court finds the motion should be **GRANTED**.

### BACKGROUND

Plaintiffs Nick Natour and Enclare LLC filed suit in the 296th Judicial District Court of Collin County, Texas on March 25, 2021 (Dkt. #1). Plaintiffs asserted claims for violation of the Texas Theft Liability Act (the "TTLA"), fraud by nondisclosure, common law fraud, and conversion against Defendants Paide and Scott Bickell (collectively, the "Paide Defendants"), among others. Defendants removed the action to this Court on April 26, 2021 (Dkt. #1).

On February 8, 2022, the Paide Defendants moved for summary judgment, asserting Plaintiffs had no evidence to support any of their claims against the Paide Defendants (Dkt. #134). On June 22, 2022, the Court granted the motion and dismissed all claims against the Paide Defendants, with prejudice (Dkt. #179)

On July 6, 2022, the Paide Defendants moved for attorney's fees and costs (Dkt. #185). Plaintiffs responded on July 20, 2022 (Dkt. #187). Paide Defendants replied on July 21, 2022 (Dkt. #192).

**LEGAL STANDARD**

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Further, when a statute allows a prevailing party to recover its fees, that provision applies to appellate fees as well. *Williams v. Trustmark Ins. Co.*, 173 F. App'x 330, 334 (5th Cir. 2006). Under Texas law, it is the movant that bears the burden of proof to show the reasonable fees they are owed. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (applying substantive federal law but also discussing Texas's adoption of the lodestar method in other cases). The movant may calculate their reasonable and necessary attorney's fees using either the lodestar method or the market value method. *Id.*; *AMX Enters. v. Master Realty Corp.*, 283 S.W.3d 506, 515 (Tex. App.—Fort Worth 2009, no pet.). There are certain causes of action that require the use of the lodestar calculation. *City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013). However, even if the lodestar calculation is not required, if the movant produces evidence of the lodestar calculation, courts typically apply the lodestar calculation. *Montano*, 414 S.W.3d at 736.

Using the lodestar analysis, the computation of a reasonable attorney's fee award is a two-step process.[1] *El Apple*, 370 S.W.3d at 760 (citing *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App.—El Paso 2002, pet. denied)). First, courts determine the reasonable hours spent by counsel and a reasonable hourly rate, and then multiply the two together to get the base fee or lodestar. *Id.* (citing *Gonzales*, 72 S.W.3d at 412). Second, courts adjust the lodestar up or down based on relevant factors, found in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d

---

[1] Although state law applies, Texas courts occasionally "draw on the far greater body of federal court experience with lodestar." *El Apple*, 370 S.W.3d at 764–65.

714 (5th Cir. 1974).[2]

>The *Johnson* factors are:
>
>(1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Gonzales*, 72 S.W.3d at 412 (citing *Johnson*, 488 F.2d at 717–19). "If some of these factors are accounted for in the lodestar amount, they should not be considered when making adjustments." *Id.* (citing *Guity v. C.C.I. Enter., Co.*, 54 S.W.3d 526, 529 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). The lodestar is presumptively reasonable and should be modified only in exceptional cases. *El Apple*, 370 S.W.3d at 765.

## ANALYSIS

Paide Defendants request $61,982.35 in attorney's fees as the prevailing parties on Plaintiffs' TTLA claim. Plaintiffs argue the Paide Defendants do not qualify as prevailing parties, and thus are not entitled to attorney's fees. The Court will begin its analysis with a determination of whether the Paide Defendants are indeed entitled to attorney's fees under the TTLA.

### I. Entitlement to Attorney's Fees

Section 134.005(b) of the TTLA provides that: "Each person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney['s] fees." TEX. CIV. PRAC. & REM. CODE § 134.005(b). Given the use of the term "shall," attorney's fees are mandatory under the TTLA. *See Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143, 155 (5th Cir. 2017). The Supreme Court of Texas adopted the definition of "prevailing party" as

---

[2] Texas courts also use a similar set of factors, the *Arthur Andersen* factors, to determine reasonableness. However, when courts use the lodestar calculation, they tend to use the *Johnson* factors.

3

set out in *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). Accordingly:

> To qualify as a prevailing party, a . . . plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement. Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. Otherwise the judgment or settlement cannot be said to "affect the behavior of the defendant toward the plaintiff." Only under these circumstances can civil rights litigation effect "the material alteration of the legal relationship of the parties" and thereby transform the plaintiff into a prevailing party. In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

*Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 654 (2009) (citing *Farrar*, 506 U.S. at 111–12).

To be a prevailing party as a defendant, "Texas courts have interpreted 'prevails' to include parties who successfully defend against a TTLA claim, such as achieving a dismissal with prejudice." *Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.*, 753 F. App'x 184, 190 (5th Cir. 2018) (citing *Spear Mktg., Inc. v. BancorpSouth Bank*, 844 F.3d 464, 470 n.6 (5th Cir. 2016)). Paide Defendants moved for summary judgment on all of Plaintiffs' claims (Dkt. #134), and the Court dismissed Plaintiffs' TTLA claim with prejudice (Dkt. #179). Paide Defendants, therefore, are prevailing parties with respect to Plaintiffs' TTLA claim. *See id.*

Plaintiffs argue the Paide Defendants are not prevailing parties because the Court never found Plaintiffs' claims "frivolous, unreasonable, or groundless or were brought in bad faith or for harassment" (Dkt. #187 at p. 2). However, that is not a requirement under the TTLA. *See Air Routing Int'l Corp. (Canada) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 686 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("The [TTLA] is unusual in Texas law in that it requires the court to award attorney's fees to a party who successfully defends a Theft Act claim, without any prerequisite that the claim is found to be groundless, frivolous, or brought in bad faith.").

4

Accordingly, Plaintiffs' argument is not persuasive.

Having found the Paide Defendants are the prevailing party on Plaintiffs' TTLA claim, the Paide Defendants are entitled to their reasonable attorney's fees. TEX. CIV. PRAC. & REM. CODE § 134.005(b). Thus, the Court turns to a determination of the reasonableness of the Paide Defendants' request.

## II. Reasonableness of the Requested Attorney's Fees

In awarding attorney's fees, the starting point is to calculate a base lodestar figure, which is reached by determining the reasonable hours worked multiplied by a reasonably hourly rate. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). This base lodestar calculation, when supported by sufficient evidence, reflects presumptively reasonable and necessary attorney's fees. *Id.* at 499.

Paide Defendants seek $61,982.35 in attorney's fees. Again, Plaintiffs have not contested the reasonableness of the Paide Defendants' request.

### A. Reasonable Hourly Rate

"The reasonable hourly rate is the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *BMO Harris Bank, N.A. v. RidgeAire, Inc.*, No. 6:12-cv-550, 2014 WL 12612803, at *1 (E.D. Tex. June 4, 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). The relevant legal community is the community where the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). "The fee applicant bears the burden to prove by competent evidence that the requested rate is reasonable." *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990). Parties usually establish the reasonable hourly rate by providing affidavits of other attorneys practicing in the community. *Tollett*, 285 F.3d at 368. However, "[t]he affidavits of counsel may alone be sufficient proof" to establish the

reasonable hourly rate. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012). The trial court itself is also considered an expert as to the reasonableness of attorney's fees and therefore may exercise its own expertise and judgment in making an independent valuation of appropriate attorney fees. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (citing *In re TMT Trailer Ferry, Inc.*, 577 F.2d 1296, 1304 (5th Cir. 1978)). In determining reasonable rates, a court considers the attorney's regular rates as well as prevailing rates. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).

Paide Defendants assert that the reasonable hourly rates for their timekeepers are as follows:

| Timekeeper | Title | Rate |
|---|---|---|
| Charlene Koonce | Partner | $385.00 |
| Cort Thomas | Partner | $425.00 |
| Jordan Campbell | Partner | $385.00 |
| Shannon Lambert | Paralegal | $125.00 |

(Dkt. #185, Exhibit 1 ¶ 11). In support of their motion, the Paide Defendants provide the Declaration of Charlene Koonce ("Koonce"), along with itemized billing records detailing the attorneys' and paralegals' hourly rates and time spent on each task performed (Dkt. #185, Exhibit 1). Koonce is a partner at the law firm of Brown Fox, PPLC, which represents the Paide Defendants, and she has done the majority of the work in representing the Paide Defendants in this case (Dkt. #185, Exhibit 1 ¶ 2). Koonce stated that the rates requested were the typical hourly rates for her colleagues, and that she actually lowered her billing rate from $425 per hour to $385 per hour. Through Koonce's Declaration, the Paide Defendants have supplied sufficient proof of counsel's regular and reasonable rates. *See Smith & Fuller, P.A.*, 685 F.3d at 491 (stating that "[t]he affidavits of counsel may alone be sufficient proof" to establish the reasonable hourly rate).

Moreover, counsel's rates are consistent with—if not lower than—the prevailing market

6

rate for either the Sherman or the Dallas-Fort Worth legal community.[3] *See e.g., Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co.*, No. 3:16-CV-02355-G-BT, 2021 WL 6428370, at *6 (N.D. Tex. Dec. 17, 2021) (finding a range from $537.00 to $862.00 per hour to be a reasonable rate to charge); *see also Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 906–07 (E.D. Tex. 2017) (finding a range from $450.00 to $860.00 per hour to be a reasonable rate to charge for attorneys, and a range of $150.00 to $250.00 to be a reasonable rate to charge for staff).

Therefore, the Paide Defendants' requested rates are reasonable. The Court will turn to the next step in the lodestar analysis, hours reasonably expended by counsel.

### B. Hours Reasonably Expended

The party seeking reimbursement of attorney's fees bears the burden of establishing the number of hours expended by presenting adequately recorded time records as evidence. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). The Court should include only those hours reasonably expended, and exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* Further, "[a] party seeking attorneys' fees is 'required to segregate fees between claims for which they are recoverable and claims for which they are not.'" *Domain Prot., LLC v. Sea Wasp, LLC*, No. 4:18-CV-792, 2020 WL 4583464, at *7 (E.D. Tex. Aug. 10, 2020) (citing *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006)). However, there is an exception to the duty to segregate when the fees are inextricably intertwined. *Tony Gullo Motors*, 212 S.W.3d at 313–14. "[W]hen discrete legal services advance both a recoverable

---

[3] The Sherman Division covers some parts of the city of Dallas. For example, a small portion of Dallas is included in Collin County, a county in the Sherman Division. *See* https://www.collincountytx.gov/living/Documents/CollinArea.pdf (last visited Aug. 16, 2022). Further, the Office of Personnel Management designates the Sherman Division (located in Grayson County) to be in the Dallas-Fort Worth locality pay area. Thus, the Sherman Division's pay scale for court employees is based on the Dallas-Fort Worth area. *See* OPM, *Policy, Data, Oversight*, https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/2021/locality-pay-area-definitions/#TX-OK (last visited Aug. 16, 2022). Accordingly, this Court has previously found that the Dallas-Fort Worth legal market can be an appropriate guide for determining the reasonableness of rates. *See Solferini v. Corradi USA, Inc.*, No. 4:18-cv-293-ALM, 2021 WL 5415293, at *5 (E.D. Tex. Nov. 19, 2021) (collecting cases).

and unrecoverable claim that they are so intertwined" then the fees need not be segregated. *Id.*

Here, the Paide Defendants may recover fees related to the hours expended on the TTLA claim, and any other claim the facts of which are so intertwined with the TTLA claim that segregation is not required. Paide Defendants argue fees related to the conspiracy claim are recoverable, because the conspiracy claim was premised on the Paide Defendants' alleged theft. The Court agrees. *See Brinson Benefits, Inc. v. Hooper*, 501 S.W.3d 637, 643–44 (Tex. App.—Dallas 2016, no pet.) (concluding segregation not required for fees incurred in defending conspiracy to commit theft, since defendants could not have prevailed on the claim without also prevailing on a TTLA claim). Thus, hours counsel expended defending the conspiracy claim need not be segregated.

Paide Defendants concede fees are not recoverable on Plaintiffs' fraud or conversion claims. However, the Paide Defendants point out that, rather than spending a majority of its time defending these unrecoverable claims, the majority of the work was spent on litigation strategy (Dkt. #185 at p. 4). For instance, the Paide Defendants moved to set aside the entry of default, which was improperly entered to begin with due to Plaintiffs' incorrect assertion that the Paide Defendants had failed to timely answer (*See* Dkts. ##18, 19, 21, 31). Further, Plaintiffs sought entry of default—after the Paide Defendants had already appeared in the case—necessitating a response (*See* Dkts. ##54, 57, 59). Plaintiffs also filed less than satisfactory pleadings—inventing a forgery argument for the first time in its response to the Paide Defendants' motion for summary judgment (Dkt. #143) after filing an Amended Complaint with ninety-one paragraphs of factual allegations, followed by one hundred forty-three additional paragraphs in support of thirteen claims asserted against the various defendants (Dkt. #103). Moreover, Plaintiffs were not entirely cooperative regarding mediation, refusing to agree to both a mediator and a date (Dkt. #119). Paide

Defendants had to engage in these efforts, regardless of the claims, to successfully defend the lawsuit. These circumstances warrant consideration. *See* 2020 WL 1969507; *see also Baxter v. Crown Petroleum Partners 90-A*, No. 3:97-CV-2371-P, 2000 WL 269747, at *4 (N.D. Tex. Mar. 10, 2000) ("A party cannot contest every issue and every claim and then complain that the fees should have been less because plaintiff could have tried the case with less resources and fewer hours.").

Further, the Court does not agree that the hours spent on defending the conversion claim are not recoverable. Rather, the conversion claim was inextricably intertwined with the TTLA claim, and thus segregation is not required. First, a claim for conversion and a claim for violation of the TTLA are comprised of nearly identical elements. *Compare* TEX. CIV. PRAC. & REM. CODE § 134.002 (elements of Theft Act claim), with *Emerald City Mgmt., LLC v. Kahn*, No. 4:14-cv-358-ALM, 2016 WL 98751, at *23 (E.D. Tex. Jan. 8, 2016) (listing elements of conversion claim). Second, Plaintiffs alleged the same facts to support both the conversion and violation of the TTLA claims, namely, that the Paide Defendants deprived Plaintiffs of money owed under a catering contract (Dkt. #103 ¶¶ 139–44, 211–19). The Court, therefore, finds the TTLA and conversion claims were inextricably intertwined, thus eliminating the duty to segregate fees on the conversion claim. *See Hong Kong Dev., Inc. v. Nguyen,* 229 S.W.3d 415, 455 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding fees need not be segregated if discrete legal services advance both defense of a claim which fees are recoverable and defense of a claim for which fees are not recoverable).

Nevertheless, some segregation is appropriate to the extent the fraud claim was not inextricably intertwined with the TTLA claim. To that end, the Paide Defendants have reduced the hours counsel expended by 10.5%. Thus, the Paide Defendants claim the following hours:

9

| Timekeeper | Title | Hours Before Reduction | Hours After Reduction |
|---|---|---|---|
| Charlene Koonce | Partner | 137 | 122.61 |
| Cort Thomas | Partner | 28.1 | 25.15 |
| Jordan Campbell | Partner | 8.1 | 7.25 |
| Shannon Lambert | Paralegal | 11.6 | 10.38 |
| **Total:** | | 184.8 | 165.39 |

(Dkt. #185, Exhibit 1 ¶ 11). Plaintiffs do not oppose the reasonableness of the hours requested. For the reasons discussed above, the Court finds the hours claimed after a 10.5% reduction are reasonable.

Taking the reasonable hourly rate and multiplying that by the reduced number of hours, the lodestar amount is $61,982.35. The Court will now turn to whether the facts of this case necessitate a downward or upward adjustment of the lodestar.

### C. *Johnson* Factors

After determining the lodestar amount, the district court may adjust the lodestar up or down in accordance with the relevant *Johnson* factors not already included in the lodestar. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). The Court must be careful when applying the *Johnson* factors to make sure "not to double count a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments." *Id.* "Four of the *Johnson* factors—the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation—are presumably fully reflected in the lodestar amount." *Id.* If a factor is presumably considered in the lodestar amount, the Court may still make an adjustment based on that factor; however, only "in certain rare and exceptional cases supported by both specific evidence on the record and detailed findings." *Id.*

Here, neither Plaintiffs nor the Paide Defendants argue that any of the *Johnson* factors require that the lodestar award should be adjusted upward or downward. Moreover, in analyzing the *Johnson* factors, the Court finds the requested fee is reasonable, without the need for an

adjustment.

The time and labor required for obtaining judgment was not excessive. There were no novel issues in this case. Counsel appears skilled and otherwise qualified to pursue this case. Paide Defendants' counsel does not argue working on this case precluded counsel from taking on other employment. Further, there is nothing to indicate whether or not counsel entered into a contingency fee agreement. The Court is awarding the full amount the Paide Defendants requested. The remaining factors are either inapplicable or considered in the lodestar analysis. The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Analyzing the factors, the Court does not find this is one of those exceptional cases and, therefore, will not adjust the lodestar amount.

## CONCLUSION

It is therefore **ORDERED** Defendants Paide and Scott Bickell's Motion for Attorney's Fees (Dkt. #185) is hereby **GRANTED.**

It is further **ORDERED** that the Paide Defendants be awarded attorney's fees in the amount of $61,982.35, which Plaintiffs shall pay within fourteen (14) days of entry of this Order.

**IT IS SO ORDERED.**

**SIGNED this 19th day of August, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE