# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| NICK NATOUR and ENCLARE, LLC, § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> BANK OF AMERICA, N.A., *et al.,* § <br> *Defendants.* § | § <br> § <br> Civil Action No. 4:21-CV-00331 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Fiserv, Inc.'s Motion for Award of Attorneys' Fees and Costs and Brief in Support (Dkt. #190). Having considered the motion and relevant pleadings, the Court finds the motion should be **DENIED in part** and **GRANTED in part.**

### BACKGROUND

Plaintiffs Nick Natour and Enclare LLC filed suit in the 296th Judicial District Court of Collin County, Texas on March 25, 2021 (Dkt. #1). Defendants removed to this Court on April 26, 2021 (Dkt. #1). On December 1, 2021, Plaintiffs filed their First Amended Complaint, which added Defendant Fiserv, Inc. ("Fiserv") as a party to this litigation (Dkt. #103). Plaintiffs asserted claims for breach of contract, violation of the Texas Theft Liability Act (the "TTLA"), and violation of the Electronic Fund Transfer Act (the "EFTA"), among others, against Fiserv.

On January 19, 2022, Fiserv moved to dismiss the claims against it or, in the alternative, transfer the case (Dkt. #130). Despite the motion, Plaintiffs filed two motions for entry of default with the Clerk of Court, and two motions for default against Fiserv, over the course of only two weeks (Dkt. #149; Dkt. #150; Dkt. #153; Dkt. #154). Fiserv alleges the motions for entry of default and default judgment contained "blatant misrepresentations" such as a certification that Fiserv failed to file a responsive pleading and a false Certificate of Conference (Dkt. #190 at p. 2).

Moreover, in responding to the motion, Plaintiffs raised an allegation of forgery for the first time.

On July 12, 2022, the Court granted Fiserv's motion to dismiss (Dkt. #186). The Court found that Fiserv was not a party to the agreement which formed the basis of Plaintiff's breach of contract claim (Dkt. #186 at p. 4). Moreover, the Court found Fiserv "had no role in the operative facts" giving rise to the rest of Plaintiffs' claims (Dkt. #186 at p. 5). In short, Fiserv was not a proper party to the litigation.

On July 26, 2022, Fiserv moved for attorneys' fees and costs under 28 U.S.C. § 1927, and, in the alternative, under applicable Texas law (Dkt. #190). Plaintiffs responded on August 5, 2022 (Dkt. #191). Fiserv replied on August 12, 2022 (Dkt. #192).

**LEGAL STANDARD**

**I.     28 U.S.C. § 1927**

When "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof . . . multiplies the proceedings in any case unreasonably and vexatiously," courts "may" require such individual "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To award attorneys' fees under this statute, courts must find "evidence of bad faith, improper motive or reckless disregard of the duty owed to the Court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). "The phrase 'unreasonably and vexatiously' describes conduct that is objectively 'harassing or annoying, or evinces the intentional or reckless pursuit of a claim, defense or position that is or should be known by the lawyer to be unwarranted in fact or law or is advanced for the primary purpose of obstructing the orderly process of the litigation.'" *Van Dyke v. Retzlaff*, No. 4:18-CV-247, 2021 WL 351360, at *1 (E.D. Tex. Feb. 2, 2021) (citation omitted). An attorney acts with "reckless disregard" of his duty owed to the Court when he,

2

without reasonable inquiry, advances a baseless claim despite clear evidence undermining his factual contentions. *Morrison v. Walker*, 939 F.3d 633, 638 (5th Cir. 2019).

Claims for attorneys' fees under § 1927 must be proven by clear and convincing evidence. *Hammervold v. Blank*, 3 F.4th 803, 811 (5th Cir. 2021) (citing *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010)).[1] "[P]unishment under § 1927 is sparingly applied . . . [because] sanctions under [this statute] are punitive in nature . . . ." *Laws. Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014) (internal quotations omitted). The Fifth Circuit has construed § 1927 in favor of the sanctioned party. *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002) (citing *F.D.I.C. v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994)). "Indeed, should a court find that sanctions are warranted under § 1927, the court must then 'make detailed factual findings' supporting its conclusion." *True Believers Ink 2, Corp. v. Russell Brands, L.L.C.*, No. 4:18-CV-00432, 2020 WL 2113600, at *15 (E.D. Tex. May 4, 2020) (quoting *Laws. Title Ins. Corp.*, 739 F.3d at 871).

**II.     Lodestar Calculation**

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Further, when a statute allows a prevailing party to recover its fees, that provision applies to appellate fees as well. *Williams v. Trustmark Ins. Co.*, 173 F. App'x 330, 334 (5th Cir. 2006). Under Texas law, it is the movant that bears the burden of proof to show the reasonable fees they

---

[1] As the Fifth Circuit noted in *Hammervold*, there has been some confusion regarding whether the clear and convincing standard applies to all § 1927 motions. *See* 3 F.4th at 811 n.14. In 2019, the Fifth Circuit indicated that the clear and convincing standard applies only when § 1927 sanctions would shift the entire cost of defense. *Morrison v. Walker*, 939 F.3d 633, 637 n.13 (5th Cir. 2019). But two years later, in *Hammervold*, the Fifth Circuit clarified that, under the rule of orderliness it was bound to follow *Bryant*'s earlier holding that clear and convincing evidence is always required to impose § 1927 sanctions. 3 F.4th at 811 n.14. Given the Fifth Circuit's most recent guidance on the issue, the Court applies the clear and convincing standard here.

3

are owed. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (applying substantive federal law but also discussing Texas's adoption of the lodestar method in other cases). The movant may calculate their reasonable and necessary attorneys' fees using either the lodestar method or the market value method. *El Apple*, 370 S.W.3d at 760; *AMX Enters. v. Master Realty Corp.*, 283 S.W.3d 506, 515 (Tex. App.—Fort Worth 2009, no pet.). There are certain causes of action that require the use of the lodestar calculation. *City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013). However, even if the lodestar calculation is not required, if the movant produces evidence of the lodestar calculation, courts typically apply the lodestar calculation. *Montano*, 414 S.W.3d at 736.

Using the lodestar analysis, the computation of a reasonable attorneys' fee award is a two-step process.[2] *El Apple*, 370 S.W.3d at 760 (citing *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App.—El Paso 2002, pet. denied)). First, courts determine the reasonable hours spent by counsel and a reasonable hourly rate, and then multiply the two together to get the base fee or lodestar. *Id.* (citing *Gonzales*, 72 S.W.3d at 412). Second, courts adjust the lodestar up or down based on relevant factors, found in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[3]

The *Johnson* factors are:

(1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the

---

[2] Although state law applies, Texas courts occasionally "draw on the far greater body of federal court experience with lodestar [calculation] . . . ." *El Apple*, 370 S.W.3d at 764–65.

[3] Texas courts also use a similar set of factors, the *Arthur Andersen* factors, to determine reasonableness. However, when courts use the lodestar calculation, they tend to use the *Johnson* factors.

client; and (12) awards in similar cases.

*Gonzales*, 72 S.W.3d at 412 (citing *Johnson*, 488 F.2d at 717–19). "If some of these factors are accounted for in the lodestar amount, they should not be considered when making adjustments." *Id.* (citing *Guity v. C.C.I. Enter., Co.*, 54 S.W.3d 526, 529 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). The lodestar is presumptively reasonable and should be modified only in exceptional cases. *El Apple*, 370 S.W.3d at 765.

## ANALYSIS

Fiserv argues that it is entitled to fees under 28 U.S.C. § 1927. In the alternative, Fiserv argues that it is the prevailing party on Plaintiffs' claims for violation of the TTLA and the EFTA and thus, at a minimum, it is entitled to fees and costs associated with defending those claims. Plaintiffs ask the Court to deny Fiserv's request in its entirety. The Court will begin its analysis with Fiserv's request for fees pursuant to 28 U.S.C. § 1927.

**I.      Section 1927 Sanctions**

Fiserv argues Plaintiffs pursued their claims against Fiserv in bad faith, thus Fiserv is entitled to its attorneys' fees and costs under § 1927 (Dkt. #190 at p. 4). Fiserv argues it never should have been named as a party, and at the very least, Plaintiffs' counsel should have corrected this error rather than "d[igging] in his heels" (Dkt. #190 at p. 5). Plaintiffs respond with the cursory argument that they did not pursue their claims in bad faith (Dkt. #191 ¶ 10).

Section 1927 sanctions are not to be awarded lightly. *Gonzalez v. Fresenius Med. Care N. Am.*, 687 F.3d 470, 479 (5th Cir. 2012). Indeed, although § 1927 sanctions are discretionary, they cannot be imposed for mere negligence. *See Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995); *see also Procter*, 280 F.3d at 525–26 (citation omitted) (stating that a district court "may" impose § 1927 sanctions if the requirements are met). As the statute makes clear, § 1927 sanctions are

reserved for situations where counsel "unreasonably" and "vexatiously" multiplies legal proceedings. 28 U.S.C. § 1927; *Procter*, 280 F.3d at 525–26.

Conduct is "unreasonable and vexatious" if there is evidence of the "persistent prosecution of a meritless claim" and of a "reckless disregard of the duty owed to the court." *Procter*, 280 F.3d at 525–26 (stating that "repeated filings despite warnings from the court, or other proof of excessive litigiousness" support the imposition of § 1927 sanctions). An attorney acts with "reckless disregard" of his duty to the Court when he, without reasonable inquiry, advances a baseless claim despite clear evidence undermining his factual contentions. *See* FED. R. CIV. P. 11 (imposing a duty on attorneys to reasonably inquire into the evidentiary support for their factual contentions filed with the court); *Mercury Air Grp., Inc.*, 237 F.3d at 548–49; *Walker*, 168 F.3d at 240.

Moreover, to shift the entire cost of defense—as Fiserv requests—the requirements are heightened. First, the claimant must prove, by clear and convincing evidence, that *every facet* of the litigation was patently meritless. *See Procter*, 280 F.3d at 526 (emphasis added); *see also Walker*, 168 F.3d at 240 (requiring the clear and convincing standard to recover "all costs associated with an action"); *Nat'l Ass'n of Gov't Employees v. Nat'l Fed'n of Fed. Employees*, 844 F.2d 216, 224 (5th Cir. 1988). Second, "counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial." *Id.*

To be sure, Plaintiffs have been far from model litigants in their pursuit of claims against Fiserv. For instance, Plaintiffs sought entry of default and default judgment against Fiserv (Dkt. #149; Dkt. #150; Dkt. #153; Dkt. #154) which both the Clerk and the Court denied because Fiserv had clearly already appeared in the case (Dkt. #151; Dkt. #170). Plaintiffs also repeatedly filed

substandard pleadings—asserting a forgery argument for the first time in its response to the Fiserv's motion for to dismiss (Dkt. #138) after filing an Amended Complaint with ninety-one paragraphs of factual allegations, followed by one hundred forty-three additional paragraphs in support of thirteen claims asserted against the various defendants (Dkt. #103). These circumstances warrant consideration. *See Baxter v. Crown Petroleum Partners 90-A*, No. 3:97-CV-2371, 2000 WL 269747, at *4 (N.D. Tex. Mar. 10, 2000) ("A party cannot contest every issue and every claim and then complain that the fees should have been less because plaintiff could have tried the case with less resources and fewer hours."). However, the Court finds insufficient evidence establishing that Plaintiffs' counsel acted with bad faith, improper motive, or reckless disregard of the duty owed the Court. *Edwards*, 153 F.3d at 246.

Two key considerations lead the Court to its decision. First, in awarding sanctions under § 1927, courts often look to whether a litigant has made "repeated filings despite warnings from the court[.]" *Procter*, 280 F.3d at 525. While Plaintiffs repeatedly sought default judgment where the circumstances did not warrant such a result, the Court never supplied a warning to counsel to cease such efforts. Second, courts will also consider whether counsel improperly pushed a case to trial, despite a client's wishes otherwise. *Gonzalez*, 689 F.3d at 480 (affirming the district court's award of § 1927 sanctions and finding that counsel exerted improper influence in pushing case to trial though the client no longer adhered to the allegations supporting the claim). The Court has been given no indication that Plaintiffs' counsel improperly influenced Plaintiffs to continue pursuing their claims. Thus, some of the typical circumstances giving rise to an award of sanctions under § 1927 do not exist here.

Furthermore, the Court must bear in mind the higher evidentiary burden for awarding sanctions. While the Court can see how Plaintiffs' counsel's behavior multiplied and frustrated

the proceedings, the Court cannot find by clear and convincing evidence that every facet of the litigation was patently meritless. *See Procter*, 280 F.3d at 526

In sum, the Court finds that Plaintiffs' counsel did not "unreasonably and vexatiously" multiply the proceedings of this case when pursuing their claims. There is not clear and convincing evidence to establish that Plaintiffs' counsel's actions amounted to bad faith, improper motive, or reckless disregard. *Edwards*, 153 F.3d at 246. Therefore, attorneys' fees under § 1927 should not be awarded to Defendant.

## II.     Attorneys' Fees

Fiserv requests $132,312.62 in attorneys' fees and costs as the prevailing party on Plaintiffs' EFTA and TTLA claims. Plaintiffs argue Fiserv does not qualify as a prevailing party, and thus is not entitled to attorneys' fees. The Court will begin its analysis with a determination of whether Fiserv is indeed entitled to attorneys' fees.

### A.     Entitlement to Attorneys' Fees

Fiserv argues that, at a minimum, it is entitled to the portion of its fees and costs associated with defending Plaintiffs' claims for violation of the TTLA and EFTA. The Court will turn first to whether Fiserv is entitled to fees under the TTLA.

#### 1. TTLA

Section 134.005(b) of the TTLA provides that: "Each person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." TEX. CIV. PRAC. & REM. CODE § 134.005(b). Given the use of the term "shall," attorneys' fees are mandatory under the TTLA. *See Merritt Hawkins & Assocs., L.L.C. v. Gresham*, 861 F.3d 143, 155 (5th Cir. 2017). The Supreme Court of Texas adopted the definition of "prevailing party" as set out in *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). Accordingly:

8

> To qualify as a prevailing party, a . . . plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement. Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. Otherwise the judgment or settlement cannot be said to "affect the behavior of the defendant toward the plaintiff." Only under these circumstances can civil rights litigation effect "the material alteration of the legal relationship of the parties" and thereby transform the plaintiff into a prevailing party. In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.

*Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 654 (2009) (citing *Farrar*, 506 U.S. at 111–12).

In the context of the TTLA, "Texas courts have interpreted 'prevails' to include parties who successfully defend against a TTLA claim, such as achieving a dismissal with prejudice." *Spear Mktg., Inc. v. BancorpSouth Bank*, 844 F.3d 464, 470 n.6 (5th Cir. 2016) (citing *Arrow Marble, LLC v. Estate of Killion*, 441 S.W.3d 702, 706–07 (Tex. App.—Houston [1st Dist.] 2014, no pet.)). Fiserv moved to dismiss all claims against it, or in the alternative, to transfer the case (Dkt. #130). The Court granted the motion, dismissing Plaintiffs' TTLA claim with prejudice (Dkt. #186). It follows then that Fiserv is a prevailing party with respect to Plaintiffs' TTLA claim. *Spear Mktg.*, 844 F.3d at 470 n. 6.

Plaintiffs argue Fiserv is not a prevailing party because the Court never found Plaintiffs' claims "frivolous, unreasonable, or groundless or were brought in bad faith or for harassment" (Dkt. #191 at p. 2). However, that is not a requirement under the TTLA. *See Air Routing Int'l Corp. (Canada) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 686 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("The [TTLA] is unusual in Texas law in that it requires the court to award attorneys' fees to a party who successfully defends a Theft Act claim, without any prerequisite that the claim is found to be groundless, frivolous, or brought in bad faith."). Accordingly, Plaintiffs'

9

argument is unpersuasive.

Having found Fiserv is the prevailing party on Plaintiffs' TTLA claim, Fiserv is entitled to reasonable attorneys' fees. TEX. CIV. PRAC. & REM. CODE § 134.005(b). The Court will next evaluate whether Fiserv is entitled to fees under the EFTA.

### 2. EFTA

The EFTA provides: "On a finding by the court that an unsuccessful action under this section was brought in bad faith or for purposes of harassment, the court shall award to the defendant attorneys' fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1693m(f). Fiserv argues that it is the prevailing party on Plaintiffs' EFTA claim, and, therefore, that it is entitled to fees incurred on defending this claim as well (Dkt. #190 at p. 6). However, Fiserv ignores the requirement that the action be both unsuccessful *and* brought in bad faith or to harass. 15 U.S.C. § 1693m(f). The Court agrees Plaintiffs were unsuccessful on their claim that Fiserv violated the EFTA, but the question remains whether Plaintiffs brought their suit in bad faith or for purposes of harassment.

The Court concludes that they did not do so. The caselaw on the bad faith standard under § 1693m(f) is fairly limited. Courts generally find bad faith where a plaintiff lies to counsel or to the court. *See Moore v. Southtrust Corp.*, 392 F. Supp. 2d 724, 732 (E.D. Va. 2005) (holding that the plaintiff acted in bad faith, as evidenced by his admissions in his deposition that he filed suit even though he knew either he or his wife had conducted the alleged unauthorized transactions, claimed that his card had been stolen when he knew that it had not, and wrote a letter to the bank on fake law firm stationery rescinding some of the charges); *see also Uchacz v. Gov't Employees Ins. Co.*, No. 02-C-3865, 2003 WL 21018653, at *3 (N.D. Ill. May 5, 2003) (finding bad faith where plaintiff had actually authorized the very transactions she alleged were unauthorized in her

complaint).  The Court concludes that nothing in the record rises to such a level.

The Court is aware of one decision in which a court found bad faith under the EFTA where defendant sent plaintiff a letter explaining defendant's compliance with the EFTA and plaintiff subsequently filed a complaint alleging EFTA violations anyway.  *Bonarrigo v. Prosperity Bank*, No. 3:11-cv-3555, 2012 WL 2864496, at *2 (N.D. Tex. 2012).  Here, the Plaintiffs' lawsuit had already been filed for months before they added Fiserv as a party.  And, because of Fiserv's somewhat ambiguous corporate structure, Plaintiffs could have conceivably added Fiserv under a legitimate legal theory pursuant to a reasonable investigation.

Thus, the Court finds Plaintiffs did not bring their claims in bad faith or for purposes of harassment.  As a result, Fiserv is not entitled to fees on Plaintiffs' EFTA claim.  *See Buechler v. Your Wine & Spirit Shoppe, Inc.*, 846 F. Supp. 2d 406, 413 (D. Md. 2012) ("[T]he better exercise of discretion is not to find [plaintiff's] case was brought in bad faith or for purposes of harassment. Accordingly, no basis exists to award [defendant] its attorneys' fees.").

Even so, Fiserv is entitled to fees on its successful defense of Plaintiffs TTLA claim. Accordingly, the Court now turns to the reasonableness of Fiserv's attorneys' fees request.

### B. Reasonableness of the Requested Attorneys' fees

In awarding attorneys' fees, the starting point is to calculate a base lodestar figure, which is reached by determining the reasonable hours worked multiplied by a reasonably hourly rate. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019).  This base lodestar calculation, when supported by sufficient evidence, reflects presumptively reasonable and necessary attorneys' fees.  *Id.* at 499.

Fiserv seeks $132,312.62 in attorneys' fees and costs.  Plaintiffs have not contested the reasonableness of Fiserv's request.

11

### 1. Reasonable Hourly Rate

"The reasonable hourly rate is the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *BMO Harris Bank, N.A. v. RidgeAire, Inc.*, No. 6:12-cv-550, 2014 WL 12612803, at *1 (E.D. Tex. June 4, 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). The relevant legal community is the community where the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). "The fee applicant bears the burden to prove by competent evidence that the requested rate is reasonable." *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990). Parties usually establish the reasonable hourly rate by providing affidavits of other attorneys practicing in the community. *Tollett*, 285 F.3d at 368. However, "[t]he affidavits of counsel may alone be sufficient proof" to establish the reasonable hourly rate. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012). The trial court itself is also considered an expert as to the reasonableness of attorneys' fees and therefore may exercise its own expertise and judgment in making an independent valuation of appropriate attorneys' fees. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (citing *In re TMT Trailer Ferry, Inc.*, 577 F.2d 1296, 1304 (5th Cir. 1978)). In determining reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).

Fiserv asserts that the reasonable hourly rates for their timekeepers are as follows:

| Timekeeper | Title | 2021 Rate | 2022 Rate |
|---|---|---|---|
| Cate Green | Associate | $325.00 | $425 |
| Melanie Uremovich | Associate | $395 | $455 |
| Matthew S. Knoop | Shareholder | $495 | $540 |
| Joncilee Davis | Paralegal | $245 | $245 |
| John Peterson | Shareholder | $565 | $595 |
| Alexandra Roberts | Associate | $325 | $360 |
| Marc Cabrera | Shareholder | $510 | $510 |

(Dkt. #190, Exhibit A ¶ 8). In support of its motion, the Fiserv provides the Declaration of Marc Cabrera ("Cabrera"), along with itemized billing records detailing the attorneys' and paralegals' hourly rates and time spent on each task performed (Dkt. #190, Exhibit A-1). Cabrera is a shareholder at the law firm of Polsinelli, P.C. ("Polsinelli"), which represents Fiserv (Dkt. #190, Exhibit A ¶ 2). In his Declaration, Cabrera stated that these were the typical hourly rates for his colleagues. Through Cabrera's Declaration, Fiserv has supplied sufficient proof of counsel's regular and reasonable rates. *See Smith & Fuller, P.A.*, 685 F.3d at 491 (stating that "[t]he affidavits of counsel may alone be sufficient proof" to establish the reasonable hourly rate).

Moreover, counsel's rates are consistent with—if not lower than—the prevailing market rate for either the Sherman or the Dallas-Fort Worth legal community.[4] *See, e.g., Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co.*, No. 3:16-CV-02355, 2021 WL 6428370, at *6 (N.D. Tex. Dec. 17, 2021) (finding a range from $537.00 to $862.00 per hour to be a reasonable rate to charge); *see also Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 906–07 (E.D. Tex. 2017) (finding a range from $450.00 to $860.00 per hour to be a reasonable rate to charge for attorneys, and a range of $150.00 to $250.00 to be a reasonable rate to charge for staff).

Therefore, Fiserv's requested rates are reasonable. The Court will turn to the next step in the lodestar analysis, hours reasonably expended by counsel.

---

[4] The Sherman Division covers some parts of the city of Dallas. For example, a small portion of Dallas is included in Collin County, a county in the Sherman Division. *See* https://www.collincountytx.gov/living/Documents/CollinArea.pdf (last visited Nov. 19, 2021). Further, the Office of Personnel Management designates the Sherman Division (located in Grayson County) to be in the Dallas-Fort Worth locality pay area. Thus, the Sherman Division's pay scale for court employees is based on the Dallas-Fort Worth area. *See* OPM, *Policy, Data, Oversight*, https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/2021/locality-pay-area-definitions/#TX-OK (last visited Feb. 7, 2022). Accordingly, this Court has previously found that the Dallas-Fort Worth legal market can be an appropriate guide for determining the reasonableness of rates. *See Solferini v. Corradi USA, Inc.*, No. 4:18-cv-293, 2021 WL 5415293, at *5 (E.D. Tex. Nov. 19, 2021) (collecting cases).

### 2. Hours Reasonably Expended

The party seeking reimbursement of attorneys' fees bears the burden of establishing the number of hours expended by presenting adequately recorded time records as evidence. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). The Court should include only those hours reasonably expended, and exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.*

Further, "[a] party seeking attorneys' fees is 'required to segregate fees between claims for which they are recoverable and claims for which they are not.'" *Domain Prot., LLC v. Sea Wasp, LLC*, No. 4:18-CV-792, 2020 WL 4583464, at *7 (E.D. Tex. Aug. 10, 2020) (citing *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006)). There is, however, an exception to the duty to segregate when the fees are inextricably intertwined. *Tony Gullo Motors*, 212 S.W.3d at 313–14. The party seeking to recover attorneys' fees bears the burden of proving that segregation is not required. *CA Partners v. Spears*, 274 S.W.3d 51, 82 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

Fiserv does not address the issue of segregation between fees expended in defense of the compensable TTLA claim and those expended on the remaining, non-compensable claims. Nor does it attempt to prove that segregation is not required. That said, Plaintiffs do not object to the reasonableness of the hours requested.

But, critically, "[t]he failure to segregate does not preclude recovery." *Transverse, L.L.C. v. Iowa Wireless Services, L.L.C.*, 992 F.3d 336, 346 & n. 37 (5th Cir. 2021) (quoting *Kinsel v. Lindsey*, 526 S.W.3d 411, 428 (Tex. 2017)). Rather, the Court can "simply allocate as a percentage of total fees the amount that likely would have been incurred even if the unrecoverable claims were not in the case, instead of requiring burdensome retrospective itemizations by claim." *Transverse*,

992 F.3d at 347.

Fiserv has presented adequate evidence of the following hours:

| Timekeeper | Title | Total Hours |
|---|---|---|
| Cate Green | Associate | 102.68 |
| Melanie Uremovich | Associate | 19.23 |
| Matthew S. Knoop | Shareholder | 69.86 |
| Joncilee Davis | Paralegal | 0.2 |
| John Peterson | Shareholder | 51.78 |
| Alexandra Roberts | Associate | 61.48 |
| Marc Cabrera | Shareholder | 0.5 |
| **Total Hours:** | | 305.73 |

(Dkt. #190, Exhibit A ¶ 8). Taking the reasonable hourly rates and multiplying those by the number of hours, the base lodestar amount is $132,163.00.

Based on the record and the claims involved in this case, and in recognition of Plaintiffs' litigation conduct, the Court finds that at least 90% of Fiserv's fees would have been incurred on the compensable claims even if the non-compensable claims were not in the case.[5] Accordingly, Fiserv's base fee lodestar is reduced by 10% to $118,946.70.

### 3. *Johnson* Factors

After determining the lodestar amount, the Court may adjust the lodestar up or down in accordance with the relevant *Johnson* factors not already included in the lodestar. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). The Court must be careful when applying the *Johnson* factors to make sure "not to double count a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments." *Id.* "Four of the *Johnson* factors—the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation—are presumably fully reflected in the

---

[5] This determination is consistent with the Court's Memorandum Order and Opinion Granting the Paide Defendants' Motion for Attorneys' Fees (Dkt. #193). The Paide Defendants, who faced claims similar to those that Plaintiffs asserted against Fiserv (including a TTLA claim), imposed a 10.5% reduction to their claimed hours, which the Court found to be reasonable. (Dkt. #193 at p. 10).

lodestar amount." *Id.* If a factor is presumably considered in the lodestar amount, the Court may still make an adjustment based on that factor; however, only "in certain rare and exceptional cases supported by both specific evidence on the record and detailed findings." *Id.*

Here, neither Plaintiffs nor Fiserv argue that any of the *Johnson* factors require that the lodestar award should be adjusted upward or downward. Moreover, in analyzing the *Johnson* factors, the Court finds the requested fee is reasonable, without the need for an adjustment.

The time and labor required for obtaining judgment was not excessive. There were no novel issues in this case. Counsel appears skilled and otherwise qualified to pursue this TTLA case. Fiserv's counsel does not argue working on this case precluded counsel from taking on other employment. Further, there is nothing to indicate whether counsel entered into a contingency fee agreement. The remaining factors are either inapplicable or considered in the lodestar analysis. The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Analyzing the factors, the Court does not find this is one of those exceptional cases and, therefore, will not adjust the lodestar amount.

### III. Costs

Fiserv also seeks to recover $149.62 in costs, which were incurred from filing fees, service of copies of filings to chambers, and service on Defendant Hamdan (Dkt. #190, Exhibit A ¶ 9). Plaintiffs do not address Fiserv's entitlement to its costs (Dkt. #191).

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs other than attorneys' fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir.

2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)). The Fifth Circuit has held that "the prevailing party is prima facie entitled to costs." *Id.*

> The Court may tax the following categories of costs:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

As established above, Fiserv is the prevailing party here. *See* 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2667 (4th ed. 2008) (noting that, in the context Rule 54, "a dismissal of the action, whether on the merits or not, generally means that the defendant is the prevailing party.").

That said, some of the costs that it seeks are rendered unrecoverable by statute. Specifically, Fiserv seeks to recover $38.11 that it incurred in serving Defendant Hamdan via FedEx (Dkt. #190, Exhibit A-1 at p. 44). Fees associated with the private service of process are not specifically enumerated under § 1920, and, as a result, they are not recoverable here. *See Alejandro v. Prop. Care Sols. LLC*, No. 4:22-CV-00029, 2022 WL 3223176 (E.D. Tex. Aug. 9, 2022); *see also Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (emphasizing that "the Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary"). Likewise, costs associated with courier services, shipping, and postage are not recoverable under § 1920. *See, e.g.*, *Hernandez v. Aleman Const., Inc.*, No. 3:10-CV-2229, 2013 WL 5873289 at

17

*6–7 (N.D. Tex. 2013) (court denied costs for process service and FedEx costs because they were not listed in § 1920).

Therefore, the Court declines to award Fiserv the costs associated with serving Defendant Hamdan. Fiserv is, however, entitled to $111.51 in costs under Rule 54.

## CONCLUSION

It is therefore **ORDERED** Defendant Fiserv, Inc.'s Motion for Award of Attorneys' Fees and Costs and Brief in Support (Dkt. #190) is hereby **DENIED in part** and **GRANTED in part.**

It is further **ORDERED** that Fiserv be awarded attorneys' fees and costs in the amount of $119,058.21, which Plaintiffs shall pay within fourteen (14) days of the entry of this Order.

**IT IS SO ORDERED.**

**SIGNED this 17th day of October, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE