IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NICK NATOUR AND ENCLARE, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 4:21-cv-331-ALM |
| | § | |
| BANK OF AMERICA, N.A., ALI | § | |
| HICHAM HAMDAN, SCOTT | § | |
| BICKELL, PAIDE, a California | § | |
| Corporation, DATA PAYMENT SYSTEMS, | § | |
| INC., dba ONE PAYMENT SERVICES, | § | |
| AND FISERV, INC. | § | |
| | § | |
| Defendants. | | |

## PAIDE DEFENDANTS' VERIFIED MOTION FOR "SHOW CAUSE" HEARING, SANCTIONS, AND BRIEF IN SUPPORT

Defendants Paide and Scott Bickell (collectively "the Paide Defendants") respectfully request that the Court schedule a "Show Cause Hearing"[1] compelling Plaintiff Nick Natour individually and as a representative for Enclare, LLC (collectively "Plaintiffs") to appear and show cause why each should not be held in civil contempt for violating the Court's August 19, 2022 Order (the "Order"), Dkt. 193, and in support, respectfully show the Court as follows:

### I.     INTRODUCTION

In August, following dismissal of Plaintiffs' Theft Act claim, the Court awarded the Paide Defendants $61,982.35 in attorney's fees, and ordered Plaintiffs to pay the fees within fourteen days from the date of the Order. Plaintiffs have failed and refused to pay the fees. Instead, on the date compliance was due, Plaintiffs filed a Motion to Stay, which provided no factual or legal basis excusing their failure to comply or supporting their requested stay.

---

[1] As permitted by the Court's schedule, to avoid pre-existing conflicts, the Paide Defendants request the Court set the hearing on one of the following dates: November 17, 28, 29 or 30 or any date in December.

Defendants request a "Show Cause" hearing at which Plaintiffs must demonstrate legal justification for their failure to comply with the Court's Order. Additionally, the Paide Defendants request coercive sanctions until such time as Plaintiffs pay the fees and monetary sanctions to compensate the Paide Defendants for the necessity of this Motion and the hearing

## II.    FACTUAL BACKGROUND

1. Paide is a small corporate entity for which legal fees are not a typical expense. It has struggled to pay the fees incurred in defending this case and those fees have burdened its continued operation.

2. Because the Court entered judgment on all claims asserted against the Paide Defendants, including Plaintiffs' Theft Act claim, on August 19, 2022, the Court appropriately awarded the Paide Defendants $61,982.35 in attorney's fees. The Order required Plaintiffs to pay the fees within fourteen days. *Id.*

3. On the same date the Order was issued, the Paide Defendants provided a copy of the Order and wire instructions to Plaintiffs for payment of the fees.[2]

4. Rather than pay the fees, Plaintiffs filed a Motion to Stay, Dkt. 195.[3]

5. As noted in Defendants' Verified Response, the Motion to Stay provided no evidence in support of Plaintiffs' failure to pay the fees, nor any legal basis for the stay requested. Dkt. 198.

6. Plaintiffs have not paid the fees awarded by the Court.

7. Three hours were billed at the discounted rate of $385.00 by Charlene Koonce in conferring with Plaintiffs and preparing this Motion and the related order. The Paide Defendants

---

[2] Defendant's Verified Response, Dkt. 198-1, p. 2.

[3] Plaintiffs filed no Reply and the Motion to Stay is pending.

anticipate an additional six hours, billed at the same rate, will be necessary to prepare a Reply and prepare for and attend a hearing. Accordingly, the Paide Defendants request sanctions in the amount of $3,465.00 in connection with the necessity of this motion.

### III.     ARGUMENT & AUTHORITIES

**A.     Legal Standard**

District courts possess inherent power to enforce their orders though contempt proceedings. *Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977); *see also Citronelle-Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1302 (11th Cir. 1991). A party commits contempt when, with knowledge of a court's definite and specific order, he fails to perform or refrain from performing what is required of him in the order. *SEC v. First Financial Group of Texas, Inc.,* 659 F2d 660, 669 (5th Cir. 1981). More specifically, in the Fifth Circuit, the elements of civil contempt are: "(1) that a court order was in effect, and (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." *In re Bradley*, 588 F.3d 254, 264 (5th Cir. 2009) (internal quotation omitted). "Good faith is not a defense to a civil contempt; the question is whether the alleged contemnor complied with the court's order." *Chao v. Transocean Offshore, Inc.*, 276 F.3d 725, 728 (5th Cir. 2002). For this reason, the Court need not look to whether its actions were "willful," nor more generally to the intent or the respondent. *See Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000); *Jim Walter Res., Inc. v. Int'l Union, United Mine Workers of Am.*, 609 F.2d 165, 168 (5th Cir. 1980).

Finally, civil contempt may serve two different purposes: "coercing compliance with an order or compensating a party who has suffered unnecessary injuries or costs because of contemptuous conduct." *In re Bradley*, 588 F.3d at 263. Here, the Paide Defendants request coercive sanctions or another enforcement mechanism to force Plaintiffs' compliance with the

_____
**PAIDE DEFENDANTS' MOTION FOR "SHOW CAUSE" HEARING AND BRIEF IN SUPPORT     PAGE 3**

Order, as well as sanctions in the amount of $3,465.00 incurred by the Paide Defendants in connection with this Motion.

## IV. CONCLUSION

The Paide Defendants respectfully request that the Court set a Show Cause Hearing compelling Nick Natour, individually and as a representative for Enclare, LLC, to appear and show cause why they should not be held in contempt for failing to pay the attorneys' fees awarded to the Paide Defendants. The Paide Defendants request such other and further relief to which they may show themselves entitled.

Respectfully submitted,

By: */s/ Charlene C. Koonce*
Cortney C. Thomas
 Texas Bar No. 24075153
 cort@brownfoxlaw.com
Charlene C. Koonce
 Texas Bar No. 11672850
 charlene@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, TX  75225
Tel. 214.327.5000
Fax. 214.327.5001

*Attorneys for Defendants Paide, a California corporation, and Scott Bickell*

## VERIFICATION

My name is Charlene C. Koonce.  I am over the age of 18 and am fully competent to make this verification. I declare under penalty of perjury that the facts stated above are within my personal knowledge and are true and correct.

*/s/Charlene C. Koonce*
Charlene C. Koonce

## CERTIFICATE OF CONFERENCE

The undersigned certifies that in compliance with the meet and confer requirement in LR CV-7(h), counsel for the Paide Defendants conferred with counsel for Plaintiffs regarding the relief requested above and this Motion is opposed.

*/s/Charlene C. Koonce*
Charlene C. Koonce

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(d)(1)(B), as amended, no certificate of service is necessary, because this document is being filed with the Court's electronic-filing system.  Additionally, a true and correct copy of this document was delivered via U.S. mail to the following recipients:

**Via U.S. Mail**
Ali Hicham Hamdan
9432 Ramona St.
Bellflower, CA 90706

*/s/Charlene C. Koonce*
Charlene C. Koonce
